MACON GOWER, JR. v. AETNA INSURANCE COMPANY

No. 104

(Filed 16 June 1972)

1. Courts § 2; Process § 2— determination of jurisdiction — appeal — collateral attack

   When a defendant challenges the authority of a court on the ground it has not acquired personal jurisdiction, the court's determination of its own jurisdiction may be questioned only by appeal and not collaterally.

2. Courts § 2; Rules of Civil Procedure § 41— dismissal without barring litigation on merits — determination of authority — appeal — collateral attack.

   A judgment by a court determining its statutory authority to dismiss an action in such way as not to bar further litigation on the merits therein may be questioned only by appeal and not collaterally.

3. Judgments § 36; Rules of Civil Procedure § 41— dismissal of action — extension of statute of limitations — failure to appeal — estoppel

   Where defendant insurer failed to seek appellate review of a judgment which dismissed without prejudice plaintiff's former action on a fire policy on account of defective service of process and granted plaintiff the right to commence a new action after expiration of the one-year limitation period specified in the policy, the insurer is estopped to attack in plaintiff's new action that portion of the judgment in the former action which granted plaintiff the right to commence a new action after the one-year limitation period had expired.

   Justice LAKE dissenting.

ON *certiorari* to review decision of the Court of Appeals, which affirmed the order denying defendant's motion for summary judgment entered by *Bone, E. J.,* at July 12, 1971 Civil Session of WAKE Superior Court.

*In the present action,* the complaint was filed and the summons was issued on November 5, 1970. Plaintiff alleged loss by fire on June 7, 1969, of merchandise and other property insured under a described policy issued to him by defendant; that he gave defendant notice of his loss "immediately after June 7, 1969"; and that defendant denied liability under the policy and refused to pay any part of plaintiff's loss. In an answer filed December 2, 1970, defendant admitted its refusal to pay any part of plaintiff's loss and denied liability under the policy. Defendant alleged, as a "Fifth Defense," plaintiff's failure to commence this action within twelve months next after inception of the loss.

The hearing below was on defendant's motion for summary judgment. Judge Bone's order recites that "[n]o affidavits were offered by either side and no oral evidence was offered by either side" and that motion was heard "upon the undisputed facts" enumerated in his order. For the full provisions of Judge Bone's order, reference is made to the opinion of the Court of Appeals. 13 N.C. App. 368, 185 S.E. 2d 722. The facts stated therein pertinent to decision on this appeal are narrated below.

*In the prior action* by plaintiff against defendant upon the same claim as that involved in the present action, the complaint was filed and the summons was issued on April 7, 1970. On May 13, 1970, "judgment by default and inquiry" was rendered by the clerk in favor of plaintiff and against defendant. On May 15, 1970, the clerk entered an order setting aside the default judgment; also, on May 15, 1970, defendant filed an answer in which`it alleged, as one of its defenses, "that the court lacked jurisdiction over the person of the defendant and the process and service of same in said action [were] insufficient."

On October 15, 1970, after·a hearing on a motion by defendant "for a dismissal of said former action, on the ground that the court lacked jurisdiction over the person of the defendant and that the process and service of process were insufficient," Judge Hall signed a judgment containing the following provision: "That the purported service of process in this action be, and the same is hereby, quashed, this action being discontinued and this action is hereby dismissed pursuant to Rule 41(b), without prejudice; provided, however, that any new action by plaintiff may be commenced within thirty days of the date of this order."

The insurance policy issued by defendant to plaintiff is a standard fire insurance policy issued pursuant to the provisions (then in effect) of G.S. 58-176. It contains the following required provision: "Suit: No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss." (Note: Effective January 1, 1972, as to fire insurance policies issued thereafter, Chapter 476, Session Laws of 1971, amended G.S. 58-176(c) by substituting "three years" for "twelve months" in line 161 of the Standard Fire Policy.)

Plaintiff commenced the present action on November 5, 1970, which is more than twelve months after June 7, 1969, the date of inception of the loss, but less than thirty days from October 15, 1970, the date of Judge Hall's judgment.

Upon the foregoing facts, Judge Bone "ORDERED, ADJUDGED AND DECREED that the said motion of defendant for a summary judgment in its favor dismissing this action be, and the same is hereby, DENIED." Defendant excepted.

The Court of Appeals allowed defendant's application for *certiorari,* and, after hearing, affirmed Judge Bone's order. On March 7, 1972, this Court allowed defendant's petition for *certiorari.* 280 N.C. 721, 186 S.E. 2d 923.

*Earle R. Purser and Dan Lynn for plaintiff appellee.*

*Young, Moore & Henderson, by J. C. Moore and Joseph W. Yates, III, for defendant appellant.*

BOBBITT, Chief Justice.

Since neither party appealed, the judgment entered by Judge Hall in plaintiff's former action against defendant on the same claim became the law of the case and established the respective rights of the parties to that action. This appeal is from the order of Judge Bone. Judge Hall's judgment in the former action was not reviewable and was not reviewed by Judge Bone in this action. Since plaintiff had commenced the present action within the time permitted by Judge Hall's judgment, Judge Bone simply denied defendant's motion for summary judgment.

The record on this appeal does not disclose the factual basis upon which Judge Hall quashed "the purported service of process" and "discontinued" and "dismissed" the action. The record before us does not contain the summons in the former action or any evidence or stipulation as to when and under what circumstances "the purported service of process" was made. It does appear that the clerk entered a "judgment by default and inquiry" in the former action on May 13, 1970, which he set aside by further order on May 15, 1970. It does not appear whether the "judgment by default and inquiry" entered by the clerk on May 13, 1970, was vacated by him on his own motion, on motion of defendant or by consent. Whether

Judge Hall's ruling was correct or erroneous, plaintiff is bound by that portion of the judgment which discontinued and dismissed the former action.

In plaintiff's former action, in its answer to the complaint therein, defendant alleged, as *one* of its defenses, "that the court lacked jurisdiction over the person of the defendant and the process and service of same in said action [were] insufficient." This answer was filed on May 15, 1970, which was within twelve months next after the inception of the loss. This plea of lack of personal jurisdiction was heard on October 15, 1970, and decided in defendant's favor. Under these circumstances, the question arose: In dismissing the action, did Judge Hall have discretionary authority under the last sentence of Rule 41 (b) to authorize plaintiff to commence a new action?

[1, 2] By dismissing plaintiff's former action on account of defective service of process, Judge Hall in effect determined that the court, because it lacked personal jurisdiction of defendant, was unable to proceed to the merits of the case. However, in the very same judgment he also determined that Rule 41 (b) gave him authority to extend the one-year limitation period and thereby give plaintiff a chance to get to the merits. Defendant contends that the second portion of the judgment is void and should be disregarded. It seeks to accept the portion of the judgment in its favor and to reject the portion thereof in plaintiff's favor. We hold that just as plaintiff is bound by his failure to appeal, so must defendant be bound by its failure to appeal. When a defendant challenges the authority of a court on the ground it has not acquired personal jurisdiction, the court's determination of its own jurisdiction may be questioned only by appeal and not collaterally. *Baldwin v. Traveling Men's Assn.*, 283 U.S. 522, 75 L.Ed. 1244, 51 S.Ct. 517 (1931); Phillips, 1970 Supplement § 939.20, to 1 McIntosh, North Carolina Practice and Procedure (2d ed.). A necessary corollary is that a judgment by a court determining its statutory authority to dismiss an action in such a way as not to bar further litigation on the merits therein may be questioned only by appeal and not collaterally. In both instances the court is specifically determining the extent of its powers. Absent appeal, all provisions of Judge Hall's judgment are determinative as between plaintiff and defendant.

Treating the provisions of Rule 4(e) and the last sentence of Rule 41(b) *in pari materia,* the Court of Appeals held that Judge Hall was authorized, when dismissing plaintiff's former action, to specify that the dismissal was without prejudice and to specify in his order "that a new action based on the same claim may be commenced within one year or less after such dismissal." Reasons tending to support this view are set forth forcefully in the opinion of Chief Judge Mallard.

On this appeal, we find it unnecessary to approve or disapprove the decision of the Court of Appeals with reference to the authority of Judge Hall under the last sentence of Rule 41(b) to extend the time within which an action to recover on the insurance contract may be brought. On this appeal, it is unnecessary to attempt to reconcile the apparent conflict between Rule 4(e) and the last sentence of Rule 41(b). Legislative clarification seems desirable.

[3] On this appeal, we hold that defendant, having failed to seek appellate review, is estopped to attack in the present action that portion of Judge Hall's judgment which granted plaintiff the right to commence a new action within thirty days.

Although based on a different ground, the decision of the Court of Appeals, which affirmed Judge Bone's order, is affirmed.

Affirmed.

Justice LAKE dissenting.

The loss by fire occurred 7 June 1969. The policy issued by the defendant, in the form prescribed by G.S. 58-176, provides that no suit on the policy shall be sustainable in any court of law unless commenced within twelve months next after inception of the loss. The former suit was instituted 7 April 1970. It was dismissed on the ground that the court lacked jurisdiction over the person of the defendant due to defective service of process. In the judgment dismissing the former action for that reason, Judge Hall undertook to allow the plaintiff to commence a new action within thirty days from the date of his judgment, which was 15 October 1970. Within such thirty days, but more than a year after the loss by fire, the plaintiff brought the present action.

It is my view that Judge Hall could not, by his judgment, alter the terms of the contract between the parties so as to enlarge the time for the bringing of a suit on the policy, and certainly could not do so in a proceeding in which the court, over which he was presiding, had no jurisdiction over the person of the defendant. The only thing which Judge Hall could do in that situation was to dismiss the action then before him. I, therefore, dissent from the majority opinion.