NORMAN V. SWENSON v. ALL AMERICAN ASSURANCE COMPANY

No. 7626SC903

(Filed 15 June 1977)

1. **Corporations § 3.1— meeting to elect directors — restraining order sought — no jurisdiction of court**

    Since G.S. 55-71 applies only to contested corporate elections after the fact but the petition in this case sought to restrain the holding of a stockholders' meeting for the election of directors, no proper proceeding under the statute was before the trial court, and the court therefore had no jurisdiction over respondent or the subject matter of the action.

2. **Rules of Civil Procedure § 4— failure to issue summons — no jurisdiction in trial court**

    The trial court did not acquire jurisdiction over the person of respondent or the subject matter of the action, though the petition in this case which sought to restrain the holding of a stockholders' meeting for the election of directors was sufficient to meet the requirements of a complaint, since no summons was issued as required by G.S. 1A-1, Rule 4.

APPEAL by respondent from *Falls, Judge*. Order entered (out of session) on 29 July 1976, in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 12 May 1977.

On 19 July 1976, petitioner, a minority stockholder of respondent, filed a petition asking for the issuance of a temporary restraining order restraining respondent from holding the substitute annual meeting of stockholders called by respondent for 21 July 1976. He alleged that respondent suffered a $6,320,000 net loss for the year ended 31 December 1975 resulting in a decrease in shareholders' equity; that respondent was placed in rehabilitation by order of the Superior Court on 4 November 1975; and the rehabilitation was terminated by order of the court on 7 May 1976; that on 10 July 1976, petitioner received notice of a substitute annual meeting, proxy statement, and annual statement; that prior to receipt of this material, petitioner had no knowledge of the proposed meeting or of the proposed nominees for election as directors; that the Board of Directors had approved "multiple transactions" of respondent which resulted in enormous losses to respondent and its shareholders; that the proposed nominees for directors were directors when the enormous losses were sustained; that petitioner, with the purpose of soliciting proxies from other minority stock-

holders in the hope of placing one or more representatives of that group on the Board of Directors, went to respondent's office in Charlotte on 13 July 1976 for the purpose of inspecting the record of shareholders; that Mr. Russell E. Walton, Senior Vice-President, was out of the office and his secretary knew nothing of any record of shareholders, but advised petitioner that she would have Mr. Walton call him; that that afternoon Mr. Walton called and advised petitioner that he could see the record of shareholders but could not copy or make notes; that the next morning, 14 July 1976, petitioner returned to the office and was required to sign a notice limiting him to inspection of the records only; that petitioner proceeded to examine the record of more than 5,000 individual shareholders and informed some of them of the limitation imposed by respondent; that on the afternoon of 14 July 1976, petitioner was informed by respondent that he would be allowed to copy and make notes, but by that time the time within which to solicit proxies was too limited; on 15 July 1976, he consulted attorneys; that although petitioner had obtained proxies for 15,928 shares in addition to the 1597 shares owned by him, additional proxies could be obtained if time were available; that respondent's refusal to allow petitioner to copy the shareholder's record was wrongful, contrary to law and respondent's by-laws; that because of the wrongful conduct petitioner had been denied his lawful right to examine the shareholder list and solicit proxies; that the rights and interests of other minority stockholders would be irreparably hurt if the substitute annual meeting is held on 21 July 1976.

No summons was issued or served with the petition, nor has summons since been served on respondent.

On 19 July 1976, the court entered a temporary restraining order restraining respondent from holding the substitute annual meeting on 21 July 1976, and requiring respondent to appear at Superior Court on 28 July 1976 " . . . to show cause, if any there be, why Respondent did not keep on file at its registered office subject to inspection by any shareholder at any time during usual business hours its record of shareholders for ten days prior to July 21, 1976, why it refused to permit Petitioner to copy from said record of shareholders, why it required him to sign a commitment that his examination of the shareholder record was restricted, and to set another date for holding said Substitute Annual Shareholders Meeting".

On the date of hearing, 28 July 1976, petitioner filed a supplemental petition. Based on allegations contained therein, he asked the court, in addition to the relief prayed for in the original petition, to declare that the proxy statement of respondent contained false and misleading statements, failed to disclose information required by law, was a fraud on respondent's shareholders and was null and void; that the opening and adjourning of a meeting on 21 July 1976 violated the temporary restraining order issued on 19 July 1976; to order that a substitute annual meeting be held, fixing the date therefor, fixing the record date for determining stockholders entitled to vote; that a new notice of that meeting be given with new proxy material; that the new proxy materials contain certain specified matter; that respondent be required to pay the costs of preparing and mailing the notices and proxy materials requested by petitioner; and that respondent pay reasonable counsel fees. Respondent had had no notice of the filing of this supplemental petition and was not given a copy thereof until the day of the hearing.

On the same day, respondent filed a Rule 12(b) motion for dismissal on the grounds that the court had no jurisdiction because (1) no summons had ever been issued or served on it; (2) no civil action had been commenced by petitioner or was properly pending before the court; and (3) all questions raised were moot, since the 21 July meeting had not been held but only adjourned to 31 July 1976.

Respondent, on the same day, also filed a motion that counsel for petitioner be disqualified from representing the petitioner because said counsel had represented respondent from 30 July 1975 through 30 June 1976 and had been paid by respondent $145,603.02 in legal fees. (An additional statement of $10,863.27 for services had not been paid because it was in dispute.) Respondent further alleged that counsel for petitioner had been privy to all types of corporate information and the present temporary injunction obtained by counsel for petitioner directly involves matters relating to the company during the period petitioner's counsel represented respondent.

After filing these motions, respondent filed its "Response to Temporary Restraining Order and Notice of Hearing".

The evidence introduced at the hearing consisted of petitioner's original petition, petitioner's supplemental petition, respondent's response to the temporary restraining order and

notice of hearing, and respondent's affidavit. The court heard argument of counsel for the parties and entered its order filed 29 July 1976 in which it found facts and made conclusions of law. Based thereon, it denied respondent's motion to dismiss; denied its motion to disqualify petitioner's counsel, dissolved the temporary restraining order; ordered respondent to hold its substituted annual meeting on 15 September 1976; set 15 August 1976 as the record date for shareholders' entitlement to vote; required notice of the meeting to be mailed to shareholders no less than 15 days prior to 15 September 1976; directed respondent to include with the notice and its proxy material the proxy material to be prepared by petitioner and to pay all expenses of the printing and mailing thereof; and directed respondent to cause to be prepared and keep on file at its Charlotte office a record of its shareholders available for inspection by the shareholders as required by law.

Respondent appealed from this order.

*Cansler, Lockhart, Parker & Young, P.A., by Thomas Ashe Lockhart, Joe C. Young, and Winford R. Deaton, Jr., for petitioner appellee.*

*Stern, Rendleman, Isaacson & Klepfer, by Robert O. Klepfer, Jr., and Arthur A. Vreeland, for respondent appellant.*

MORRIS, Judge.

By its assignments of error one through eight, sixteen and seventeen, respondent challenges the jurisdiction of the court over the subject matter of the litigation and the person of respondent. Since this, without question, is the threshold issue arising on this appeal, we shall first address it.

The court found that "(t)his is a summary proceeding filed by Petitioner Norman V. Swenson pursuant to the provisions of North Carolina General Statutes 55-71, to determine a controversy with respect to the election of directors at Respondent's Substitute Annual Meeting proposed to be held on July 21, 1976, and an application to this Court to order a substitute meeting to be held as and for the annual meeting of Respondent's shareholders pursuant to provisions of North Carolina General Statutes 55-61(b). . . . "

G.S. 55-71 is entitled "Proceeding to determine validity of election or appointment of directors or officers". Portions pertinent to this appeal are:

"(a) Any shareholder or director of a domestic corporation may commence a summary proceeding in the superior court to determine any controversy with respect to any election or appointment of any director or officer of such corporation. . . .

. . .

(c) The proceeding shall be commenced by filing a verified petition in the superior court directed to the resident judge or any judge holding court in the district.

(d) The petition shall include:

(1) The name of the county and court in which the proceeding is brought, and the title to the proceeding, which shall include as respondents the corporation, *the person or persons whose purported election or appointment is questioned, and any person other than the petitioner, whom the petitioner alleges to have been elected or appointed.*

(2) A plain and concise statement of the facts constituting the grounds for contesting the validity of the election or appointment, and a prayer for the relief sought.

(e) . . . No summons shall be necessary, but a copy of the notice and petition shall be served upon each respondent at least 10 days prior to the hearing. . . .

. . .

(f) Upon or after the filing of the petition and issuance of the notice the judge may, upon application, issue an interlocutory order *restraining the directors or officers whose election or appointment is challenged from acting, and may make such other order as he may deem proper with respect to the directors or officers who shall hold the*

*contested offices pending the determination of the matter in controversy.*

. . .

(h)  Upon completion of the hearing the judge, in determining the matter, may:

(1)  *Declare the result of the election* or appointment in controversy;

(2)  *Order a new election* or appointment *and include in such order provisions with respect to the directors or officers who shall hold the contested offices until a new election is held* or appointment is made;

(3)  Determine the respective voting rights of shareholders and of persons claiming to own shares. . . . " (Emphasis supplied.)

[1]  Appellee contends that this action properly was brought under this statute without the necessity for the issuance of a summons. It is true that the statute provides that no summons shall be necessary but the petition shall be served on the respondents. However, the statute is remedial in character, *Thomas v. Baker*, 227 N.C. 226, 41 S.E. 2d 842 (1947), and is applicable only if its provisions apply to the remedy sought. Here, the petition seeks to restrain the holding of a stockholders' meeting for the election of directors. The statute provides a method of leaving a corporation in *status quo* so the corporate business can be continued while the validity of an election *already held* is determined. The wording of the statute clearly indicates that it applies only to contested elections after the fact and not to prospective meetings for the holding of election. The court is given the power to *restrain the officers whose election is challenged from acting* or to enter other orders with respect to the officers or directors who shall *hold the contested offices* pending the determination of the controversy. After hearing, the court may *declare the result of the election,* or order a new election making provisions with respect to those holding the contested offices pending the election and determining the rights of shareholders at the new election. The statute in its entirety is directed at determining rights and duties resulting from an election held which is contested as to its validity. We fail to see how it has any applicability as to the situation in the present case. There is no person named the validity of whose election

petitioner challenged, nor could there have been because no
election had been held which petitioner could challenge.

Petitioner further argues that if a proper proceeding un-
der G.S. 55-71 was not before the court on the original petition,
the supplemental petition alone was a proper application to the
court under G.S. 55-61 to sustain the relief granted. This statute
provides that if the scheduled annual meeting of stockholders
is not held, a substitute annual meeting may be called, or the
judge of the superior court of the county where the corporation
has its registered office may, upon the application of any share-
holder, order a substitute annual meeting to be held. Here, the
corporation had called a substitute annual meeting. It was this
meeting which petitioner sought to have restrained. Even if
this statute were applicable, and we cannot perceive that it is, it
would avail petitioner nothing. Respondents had no notice what-
ever of the supplemental petition until the day of the hearing.

Since we have held that no proper proceeding under G.S.
55-71 was before the court, the real question presented by this
appeal is whether there was a civil action pending in which the
court acquired jurisdiction to enter an order granting any relief.
*Freight Carriers v. Teamsters Local*, 11 N.C. App. 159, 180
S.E. 2d 461, *cert. den.*, 278 N.C. 701, 181 S.E. 2d 601 (1971),
is analogous and furnishes guidance. In that case the trial
court issued a temporary restraining order upon the affidavit of
an officer of plaintiff. No complaint was filed and no summons
issued. Successive orders were entered, including show cause
orders and orders holding indivduals members of defendant in
contempt. The plaintiff contended that, by virtue of G.S. 1A-1,
Rule 65(b), a temporary restraining order is given a status
different than a civil action filed pursuant to G.S. 1A-1, Rule 3,
and that a temporary restraining order may be issued upon an
affidavit if it clearly appears from specific facts set forth in
the affidavit that immediate and irreparable injury or loss
will result to the applicant if the order is not issued. We held
that "Rule 3 and Rule 65(b) must be construed *in pari materia;*
procedure under Rule 65(b) is permissible only *after* an action
is commenced as provided by Rule 3." *Id.* at 161, 180 S.E. 2d
at 463.

In this State there is but one form of action for the enforce-
ment or protection of private rights or for the redress of
private wrongs. That form of action is, by statute, denominated
a civil action. G.S. 1A-1, Rule 2.

[2] "A civil action is commenced by filing a complaint with the court. The clerk shall enter the date of filing on the original complaint, and such entry shall be prima facie evidence of the date of filing." G.S. 1A-1, Rule 3. This rule also provides for certain instances when an action may be commenced by the issuance of a summons with the filing of a complaint in 20 days. We agree with petitioner that petition filed herein meets the requirements of a complaint. Nevertheless, this avails him nothing. G.S. 1A-1, Rule 4, is clear and unambiguous in its requirement that "(u)pon the filing of the complaint, summons *shall* be issued forthwith, and in any event within five days . . . " (Emphasis supplied.) It is interesting that the comment following the statute notes that "(t)his section contemplates a continuance of the present practice of ordinarily having a summons issue simultaneously with the filing of the complaint. The five-day period was inserted to mark the outer limits of tolerance in respect to delay in issuing the summons." "Service of summons, unless waived, is a jurisdictional requirement." *Kleinfeldt v. Shoney's Inc.*, 257 N.C. 791, 794, 127 S.E. 2d 573, 575 (1962).

Here, the court acquired no jurisdiction over the person of respondent or the subject matter of the action and hence was without authority to enter any order granting any relief.

The order must be vacated.

Reversed and order vacated.

Judges PARKER and CLARK concur.