KENNETH J. FOREMAN, JR. v. CHARLES W. BELL, LETA BAHN, FREDERICK E. BROGDON, WILLIAM GUY DELANEY, JAMES F. FORD, MARY HAMMOND, COLLIER S. HARVEY, JR., WILLIAM G. HAZEN, A. RUDOLPH HENDRICKS, C. DOOLEY HITCH, THOMAS L. JONES, III, BRYON H. KNIGHT, KATHERINE MORTON, RICHARD PORTER, HERBERT C. RULE, III, W. HERBERT SMITH, JR. CONSTITUTING THE MOUNTAIN RETREAT ASSOCIATION MANAGEMENT COUNCIL, AND THE MOUNTAIN RETREAT ASSOCIATION, INC., A NORTH CAROLINA CORPORATION

No. 8128SC460

(Filed 6 April 1982)

**Corporations § 3.1— dispute over election of directors of corporation—no jurisdiction to challenge**

G.S. 55-71 may not be used by a shareholder to challenge the selection of persons who act as trustees or fiduciaries pursuant to a separate trust agreement. Therefore, a shareholder in a corporation did not have standing to challenge the election of the Trustees of Stock, an entirely separate and independent entity from the Board of Directors of the corporation, since the business of electing Trustees of Stock was separate from that of electing directors of the Corporation.

APPEAL by plaintiff from *Allen, Judge.* Judgment entered 5 November 1980 and final judgment entered on 13 December 1980 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 5 January 1982.

Plaintiff, a shareholder of stock in the Mountain Retreat Association, a private corporation, brought this action under G.S. 55-71 and sought to challenge thereunder the election of directors of the corporation. From an order of the superior court dismissing the plaintiff's petition, the plaintiff appeals.

*Bennett, Kelly & Cagle, by Harold K. Bennett, for plaintiff appellant.*

*McGuire, Wood, Worley, Bissette & Wolcott, P.A., by Richard A. Wood, Jr., and Adams, Hendon, Carson & Crow, P.A., by Samuel J. Crow, for respondent appellees.*

BECTON, Judge.

The record and exhibits in this case document in detail the history of the Mountain Retreat Association (Corporation) from its inception to the present. Much of the history of the Corporation is not necessary for the disposition of the issues before us, however. The facts essential to the resolution of this dispute are set out below.

The Corporation was originally chartered in 1897 by the North Carolina Legislature as a municipal corporation. In 1906, the Corporation became a stock corporation when the legislature amended the Corporation's charter to allow for issuance of $500,000 of common stock and $250,000 of preferred stock. In 1917, some owners of stock transferred their stock, pursuant to a Declaration of Trust, to a body denominated Board of Trustees of Stock. As a result of the transfers, 73 to 74 percent of the outstanding stock was held pursuant to the Declaration of Trust. The Declaration of Trust provided how and from what bodies the Trustees of Stock, numbering from 25 to 50 members, were to be elected. It also provided that the Trustees of Stock "shall have and are vested with full authority and power to change the charter" of the Corporation; that the purpose and intent of the Trust is that the Corporation's property be forever used under the auspices of the Presbyterian Church; and that the Trustees of Stock shall use, hold, vote and control the stock to insure and guarantee accomplishment of such purposes. Over the years, various amendments were made to the charter of the Corporation which affected the manner by which Trustees of Stock were elected. In 1958, the Corporation's charter was amended so that Trustees of Stock could be elected and could serve as the Board of Directors of the Corporation. In 1967, the Legislature terminated all of the Corporation's municipal rights and transferred them to the City of Montreat.

The plaintiff holds one share of stock in the Corporation which he acquired in 1979 by purchasing a lot and the stock certificate. He complains that the present members of the Board of Directors hold their offices illegally in that they were elected by Trustees of Stock who were not themselves properly elected. He argues that because the Trustees were not elected according to the terms of the Trust, all of their acts are null and void, including the election of directors of the Corporation. We do not consider the merits of plaintiff's arguments as we dispose of this case on jurisdictional grounds.

This action was brought pursuant to G.S. 55-71 which provides in pertinent part:

> (a) Any shareholder or director of a domestic corporation may commence a summary proceeding in the superior court to determine any controversy with respect to any election or appointment of any director or officer of such corporation, and any shareholder or director of a foreign corporation authorized to transact business in this State shall have the same right with respect to any election held within this State.

This statute allows a summary procedure to be held, without the benefit of service of process, G.S. 55-71(c), whenever there is a dispute surrounding the election of corporate officers or directors. It is remedial in nature and designed to maintain the status quo while the disputes regarding an election are resolved. *Thomas v. Baker*, 227 N.C. 226, 229, 41 S.E. 2d 842, 844 (1947). Further, the statute is applicable to contested elections after the fact and not to prospective elections. *Swenson v. Assurance Co.*, 33 N.C. App. 458, 463, 235 S.E. 2d 793, 796 (1977).

The plaintiff seeks to have G.S. 55-71 applied in such a manner as to give him standing to challenge the election of the Trustees of Stock, an entirely separate and independent entity from the Board of Directors of the Corporation. We refuse to do so since the allegations in his petition and the prayer for relief do not fall within the purview of G.S. 55-71. Plaintiff, in his petition, prayed for the following relief, among others:

1. That the Court adjudge that the respondents are not legally holding the office of members of the Board of Trustees

of Stock, and are not legally entitled to manage the affairs of said Mountain Retreat Association as directors or in any other capacity whatever.

2. That the Court adjudge and declare that the respondents and all of their predecessors since 1972 have illegally and in violation of the Declaration of Trust and the law of North Carolina acted and voted as Trustees of Stock and as Directors of the Corporation and have thereby forfeited their right to any office either as Trustee of Stock or as Director or other officer of said corporation.

The Trustees of Stock are required by the Declaration of Trust to hold and vote the stock. These Trustees vote on directors of the Corporation at shareholders' meetings. Sometimes, the Trustees of Stock elected directors from among themselves. In fact, subsequent amendments to the Corporation's charter and by-laws provided that the same persons elected as Trustees should also be elected directors of the Corporation. How the Trustees of Stock are elected is determined by the Declaration of Trust. On its face, G.S. 55-71 pertains only to corporate elections. It does not apply to the selection of persons who hold and vote stock for others. If this were not so, G.S. 55-71 could be used by shareholders to challenge the selection of trustees of voting trusts or to challenge the selection of fiduciaries holding and voting stock for the benefit of others. The business of electing Trustees of Stock is separate from that of electing directors of the Corporation. Consequently, we hold that G.S. 55-71 may not be used by a shareholder to challenge the selection of persons who act as trustees or fiduciaries pursuant to a separate trust agreement.

We reach this result even though the Declaration of Trust was incorporated into the Corporation's charter. In 1917, the Legislature amended the Corporation's charter by including in the charter the Declaration of Trust. The provisions under the Declaration of Trust thereby became a part of the Corporation's charter, which like all other provisions in the charter, could be later amended by the stockholders. It does not matter for purposes of this suit that subsequent amendments varied from some provisions of the Declaration of Trust since the charter of the corporation governed the election of the directors of the Corporation.

As long as the charter was properly amended by the stockholders, and we find that it has been, it does not matter that the charter and Declaration of Trust are not identical. Further, the Declaration of Trust is still binding on the Trustees of Stock, and it is this document, not the Corporation's charter, from which their fiduciary duties as Trustees of Stock arise.

Because we believe that plaintiff's petition should have been dismissed on jurisdictional grounds, rather than on substantive grounds, we

Remand for entry of judgment consistent with this opinion.

Remanded.

Judge CLARK and Judge WHICHARD concur.