MARTIN MARIETTA CORPORATION v. FORSYTH COUNTY ZONING BOARD OF ADJUSTMENT, GEORGE D. BINKLEY, JR., ROBERT H. COLLEY, WALLACE L. SHELTON, H. B. GOODSON, JOHNNE ARMENTROUT AND AMOS E. SPEAS

No. 8221SC1076

(Filed 6 December 1983)

**Courts § 2; Rules of Civil Procedure § 41.2— lack of personal jurisdiction—law of the case—no authority to grant 30 days to begin new action**

Where the trial court's order that it lacked personal jurisdiction over respondents became the law of the case when petitioner withdrew its appeal therefrom, the court was without authority to enter any order granting any relief, and the court thus did not have authority to grant petitioner the relief of 30 days within which to commence a new action based on the same claim.

Judge PHILLIPS dissenting.

APPEAL by respondents from *DeRamus, Judge.* Order entered 13 August 1982 in Superior Court, FORSYTH County. Heard in the Court of Appeals 31 August 1983.

Petitioner requested a special use permit to establish a quarry, and respondents denied the request. Petitioner then petitioned the superior court, pursuant to G.S. 160A-388(e), for certiorari and judicial review. Respondents, pursuant to G.S. 1A-1, Rule 12(b), moved to dismiss for lack of jurisdiction over the person on the alleged grounds that the petition had not been legally or properly served on them, and no summons had been issued, directed to, or served on any respondent. The trial court granted the motion, but provided pursuant to G.S. 1A-1, Rule 41(b) that the action was dismissed without prejudice and respondents were allowed thirty days within which to commence a new action based on the same claim.

Respondents gave notice of appeal from the "without prejudice" portion of the order. Petitioner gave notice of cross appeal from the order itself.

On 10 November 1982 this Court allowed petitioner's motion to withdraw its cross appeal. The matter is thus before us solely on respondents' appeal from that portion of the order providing that the dismissal was without prejudice to commencement of a new action.

*P. Eugene Price, Jr. and Jonathan V. Maxwell for respondent appellants.*

*No brief filed for petitioner appellee.*

WHICHARD, Judge.

Because petitioner withdrew its cross appeal, the order, except for the portion from which respondents appeal, has become the law of the case. Whether it is correct or erroneous, the parties are bound by it. *Gower v. Insurance Co.*, 281 N.C. 577, 580, 189 S.E. 2d 165, 167 (1972); *see also Gaskins v. Insurance Co.*, 260 N.C. 122, 124, 131 S.E. 2d 872, 873 (1963).

The law of this case is, then, that the court lacks personal jurisdiction over the respondents. When a court lacks jurisdiction, it is "without authority to enter any order granting any relief." *Swenson v. Assurance Co.*, 33 N.C. App. 458, 465, 235 S.E. 2d 793, 797 (1977). "When a court has no authority to act, its acts are void." *Russell v. Manufacturing Co.*, 266 N.C. 531, 534, 146 S.E. 2d 459, 461 (1966). A court without jurisdiction is, for example, without authority to entertain a motion for summary judgment or to enter any judgment except a formal order of dismissal, *Sink v. Easter*, 284 N.C. 555, 561, 202 S.E. 2d 138, 143 (1974); and it does not have the power to enter a default judgment, *Russell v. Manufacturing Co., supra.*

Because the court was "without authority to enter any order granting any relief," *Swenson, supra*, it did not have authority to grant petitioner the relief of thirty days within which to commence a new action based on the same claim; and its action in this respect is void. In our view the foregoing authorities establish the invalidity of dicta to the contrary in the Court of Appeals version of *Gower v. Insurance Co.*, 13 N.C. App. 368, 374-75, 185 S.E. 2d 722, 726-27 (1972), which dicta our Supreme Court expressly declined to approve or disapprove, *see Gower*, 281 N.C. at 581, 189 S.E. 2d at 168.

For the foregoing reasons, the portion of the order from which respondents appeal is

Vacated.

Chief Judge VAUGHN concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In my judgment the situation presented requires us to declare not what the "law of the case" as between the parties will be in the unlikely event petitioner ever seeks to relitigate the matters involved in this appeal, but what the law of this state is with respect to getting zoning board decisions reviewed in the Superior Court. That such information is sorely needed by respondents, the court below, and perhaps others, as well — and that its absence unjustly impeded petitioner's effort to have the respondents' decision expeditiously reviewed, and brought another meritless appeal to this Court — the record plainly shows. Too, the decision of the majority is based upon the unsound, though implicit, premise that the law requires us to restrict our view to just that little portion of the order that respondents appealed from and to validate the rest of the order, however invalid it may be, because petitioner abandoned its appeal with respect thereto. I know of no such law and if there was one it would not be in harmony with either nature or the rest of our jurisprudence. A branch doesn't exist without regard to the tree it grows from; and striking the line and a half that the respondents object to from the order, while permitting the more grossly invalid remainder which it grew from and depends upon to stand, is an incongruity that my mind cannot reconcile. And since respondents are responsible for the invalid remainder, I can think of no just reason why reconciliation should be attempted.

The record plainly reveals that:

(1) At respondents' instance the court dismissed petitioner's petition for certiorari upon the foundationless misconception that a zoning board decision cannot be reviewed in the Superior Court, notwithstanding the filing of the statutory petition for certiorari, unless the zoning board members are also sued in a civil action and served with copies of the summons, and since the respondents had not been so served, the court had no jurisdiction over them.

(2) The court did have jurisdiction of respondents and their decision on petitioner's special use application, since a

petition for writ of certiorari and judicial review had been filed in court, as G.S. 160A-388(e) authorizes.

(3) The court being governed by the law, rather than its misunderstanding of it, did have the power to designate the dismissal of the petition as being without prejudice and to permit petitioner to file "another action," even though doing so could have been of no benefit at all to petitioner.

(4) The few words in the order that respondents complain of, which state that the dismissal of petitioner's petition for certiorari was "without prejudice to the commencement of a new action by Petitioner based on the same claims within 30 days," are not independent and self-sustaining as a whole; but, like the tail of a kite, they exist only because of the rest of the order, and since the order cannot stand because it is patently and totally erroneous, the few words respondent appealed from fail along with the rest.

(5) Respondents' position in the trial court was totally without merit, and they had no proper basis for appealing to this Court.

In our jurisprudence, from the earliest times, certiorari has been understood as being a substitute for appeal. *Gidney v. Hallsey*, 9 N.C. 550 (1823). McIntosh N.C. Practice and Procedure in Civil Cases §§ 705, 706 (1929). It has been so considered and used in reviewing zoning board decisions for generations. *In re Pine Hill Cemeteries, Inc.*, 219 N.C. 735, 15 S.E. 2d 1 (1941). From the very nature of things, appealing from a zoning board or any other inferior tribunal while simultaneously initiating an original civil action in the reviewing court would be an incongruous absurdity that the law could not tolerate, much less require. In the only recorded instance in this state that I am aware of where appellate review of a zoning board decision was sought by a civil suit with summonses issued to the zoning board members, the Court noted the inappropriateness of such a proceeding before choosing to treat the improperly filed suit as a petition for certiorari. *Deffet Rentals, Inc. v. The City of Burlington*, 27 N.C. App. 361, 219 S.E. 2d 223 (1975). In enacting G.S. 160A-388(e), which replaced a statute originally enacted in 1923, the Legislature understood all this and the simple, expeditious appellate and

review procedure authorized and followed through the years should not be encumbered by trial judges requiring a purposeless, duplicating civil action to be filed.

Though under the peculiarly convoluted rules that govern repeated litigation between the same parties about the same matter the petitioner might very well be estopped at some future time to claim that the court below ever had jurisdiction of the respondents in this proceeding, we are under no such constraints. The court below did have jurisdiction of the respondents and sound judicial principles require us to so declare, it seems to me, lest other property owners seeking a judicial review of respondents' decisions encounter the same misplaced obstructions that petitioner did.

My vote, therefore, is to dismiss respondents' appeal and to reverse the judgment appealed from in its entirety.