JONES v. SUMMERS

[117 N.C. App. 415 (1994)]

━━━━━━━━━

WADDELL JONES, PLAINTIFF v. KENNETH MICHAEL SUMMERS, DEFENDANT

No. 9413DC115

(Filed 20 December 1994)

**Trial § 640 (NCI4th)— authority of court to grant year to refile action—dismissal order not appealed—question not before court on appeal**

The court on appeal did not address defendant's contention that the trial court had no authority under N.C.G.S. § 1A-1, Rule 41(b) to grant plaintiff an additional year in which to refile his

action, since defendant did not appeal the trial court's dismissal order which allowed plaintiff the additional year in which to refile.

**Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 41 et seq.; Trial §§ 897 et seq.**

Appeal by defendant from judgment entered 6 October 1993, Nunc Pro Tunc 30 September 1993, by Judge Napoleon B. Barefoot, Jr. in Columbus County District Court. Heard in the Court of Appeals 4 October 1994.

This action arises out of an automobile accident that occurred in Wake County on 1 September 1988. On 23 June 1989, plaintiff filed suit against defendant for negligence (89 CVD 661; hereinafter Jones I). On 14 January 1991, plaintiff voluntarily dismissed Jones I without prejudice pursuant to G.S. 1A-1, Rule 41(a).

On 9 September 1991, plaintiff refiled his claim against defendant (91 CVD 826; hereinafter Jones II). Defendant answered and moved for an involuntary dismissal pursuant to G.S. 1A-1, Rule 12(b)(4) for insufficient service of process. On 25 August 1992, the trial court found that service of process on defendant was insufficient and ordered an involuntary dismissal. In its order granting defendant's motion for an involuntary dismissal, the trial court stated:

2. That the Defendant's Motion to Dismiss based upon insufficiency of service of process is hereby allowed, but that because of the nature of the technicality upon which this lawsuit is being dismissed, this dismissal shall be without prejudice, and pursuant to Rule 41(b) this dismissal shall not operate as an adjudication on the merits, and that Plaintiff may file a new action based upon the same claim within one (1) year of the date of this order.

Defendant did not appeal from the trial court's dismissal order which *inter alia* granted plaintiff an additional year in which to refile the claim.

On 27 August 1992, plaintiff filed his claim a third time (92 CVD 867; hereinafter Jones III). Defendant answered and alleged as an affirmative defense the statute of limitations. On 27 October 1992, defendant moved for summary judgment based upon the statute of limitations defense. The trial court denied defendant's motion on 13 January 1993. At trial on 27 September 1993, the jury awarded plaintiff $3,500 in damages. Judgment was entered on the jury's verdict. Defendant appeals.

*Willis & Sessions, by Michael W. Willis, for plaintiff-appellee.*

*Johnson & Lambeth, by Maynard M. Brown, for defendant-appellant.*

EAGLES, Judge.

Defendant's sole assignment of error is that the trial court erred in denying defendant's Motion For Summary Judgment on 13 January 1993. We disagree.

Plaintiff has filed this lawsuit three times since the occurrence of the automobile accident on 1 September 1988. An action for personal injury must be commenced within three years of the date of the injury or it is barred by the statute of limitations. G.S. 1-52(16). Here, plaintiff filed his first suit (Jones I) on 23 June 1989, well within the three year period allowed by the statute of limitations. On 14 January 1991, plaintiff took a voluntary dismissal of that action without prejudice pursuant to Rule 41(a) of the North Carolina Rules of Civil Procedure. G.S. 1A-1, Rule 41(a). Rule 41(a) provides that,

> [i]f an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal unless a stipulation filed under (ii) of this subsection shall specify a shorter time.

Although the statute of limitations would have expired on 1 September 1991, plaintiff's voluntary dismissal under Rule 41(a) permitted plaintiff to file a new action based upon the same claim within one year of the date of the Rule 41(a) dismissal, 14 January 1991. The statute of limitations was now extended to 14 January 1992.

Plaintiff filed Jones II on 9 September 1991 well within the one year extension granted under Rule 41(a). Jones II was dismissed for insufficiency of the service of process on 25 August 1992. In its order of dismissal, the trial court dismissed the action without prejudice pursuant to Rule 41(b) of the North Carolina Rules of Civil Procedure and allowed plaintiff one year from 25 August 1992 in which to file a new action. Plaintiff filed Jones III on 27 August 1992, two days after the dismissal of Jones II.

Defendant contends here that Jones III was filed after the one year extension granted under Rule 41(a) and that the statute of limitations had expired on 14 January 1992. Defendant argues that

although Jones II was commenced within the one year extension granted under Rule 41(a), the action was discontinued by operation of law by plaintiff's insufficient service of process and plaintiff's failure to issue an alias or pluries summons or to get an extension on the original summons. Rule 4(e) of the North Carolina Rules of Civil Procedure states:

> Summons-Discontinuance—When there is neither endorsement by the clerk nor issuance of alias or pluries summons within the time specified in Rule 4(d), the action is discontinued as to any defendant not theretofore served with summons within the time allowed.

G.S. 1A-1, Rule 4(e). Rule 4(d) provides that an endorsement by the clerk for an extension or the issuance of an alias or pluries summons must be made within 90 days. Defendant argues that plaintiff did not obtain an endorsement from the clerk or issue an alias or pluries summons within the 90 day period. Accordingly, defendant contends that Jones II had expired by operation of law.

Defendant further contends that once Jones II was discontinued under Rule 4(e), the statute of limitations took effect and that the trial court did not have the authority to grant a one year extension under Rule 41(b). Defendant cites this court's opinions in *Carl Rose & Sons Ready Mix Concrete, Inc. v. Thorp Sales Corp.*, 30 N.C. App. 526, 227 S.E.2d 301 (1976) (overruled on other grounds by *Wiles v. Welparnel Const. Co., Inc.*, 295 N.C. 81, 86, 243 S.E.2d 756, 758-59 (1978)) and *Long v. Fink*, 80 N.C. App. 482, 342 S.E.2d 557 (1986) as authority for its position.

We need not address, however, defendant's contention that the trial court had no authority under Rule 41(b) to grant plaintiff an additional year in which to refile. We do not address this issue because defendant did not appeal the trial court's dismissal order which allowed plaintiff an additional year in which to refile. Since defendant did not appeal that part of the order that was adverse to him, he is bound by that order. *Gower v. Aetna Insurance Co.*, 281 N.C. 577, 189 S.E.2d 165 (1972).

In *Gower*, the plaintiff filed a breach of contract action against defendant insurer for failure to pay a claim. The contract provided that a suit should be commenced within one year after inception of the loss. The plaintiff in *Gower* sustained the loss on 7 June 1969 and filed the initial suit 7 April 1970, within one year after the loss. On 15 October 1970, the trial court dismissed the action without prejudice

on the grounds of insufficient service of process. The court in its discretion under Rule 41(b) allowed plaintiff to refile the action within 30 days of the order. Defendant did not appeal that portion of the order. Plaintiff filed the second action on 5 November 1970, within the 30 day period allowed by the trial court. Defendant moved for summary judgment and argued that plaintiff's suit was barred because it was not commenced within a year of the loss. Defendant's motion was denied and this Court granted certiorari. This Court affirmed the trial court's denial of summary judgment and this Court's judgment was reviewed by the North Carolina Supreme Court on writ of certiorari.

The Supreme Court affirmed the decision on the grounds that defendant was bound by his failure to appeal that portion of the dismissal order allowing plaintiff 30 days in which to refile.

> [A] judgment by a court determining its statutory authority to dismiss an action in such a way as not to bar further litigation on the merits therein may be questioned only by appeal and not collaterally. . . . Absent appeal, all provisions of [the trial court's] judgment are determinative as between plaintiff and defendant.

> . . . .

> [W]e hold that defendant, having failed to seek appellate review, is estopped to attack in the present action that portion of [the trial court's] judgment which granted plaintiff the right to commence a new action within thirty days.

*Id.* at 580-81, 189 S.E.2d at 168.

As in *Gower*, we hold that defendant is bound by the trial court's unappealed-from order of dismissal. Defendant here is attempting to attack the trial court's judgment in Jones II collaterally by appealing the final judgment entered in Jones III. As the Supreme Court stated in *Gower*, "Absent appeal, all provisions of [the trial court's] judgment are determinative as between plaintiff and defendant." *Id.* at 580, 189 S.E.2d at 168. Accordingly, we affirm the trial court's judgment on the jury verdict awarding plaintiff $3,500 in damages and affirm the trial court's denial of defendant's motion for summary judgment.

Affirmed.

Judge ORR concurs.

Judge McCRODDEN concurred prior to 15 December 1994.