JONAS MELVIN GARDNER v. ROSE D. GARDNER

No. 7911DC1157
No. 8011DC49

(Filed 5 August 1980)

1. **Divorce and Alimony § 16.3– wife's alimony action – right to have husband's divorce action stayed – voluntary dismissal of husband's action improper**

The Supreme Court's determination that G.S. 1A-1, Rule 13 (a) accorded defendant wife the right to have her husband's action for divorce instituted in Johnston County dismissed or to have it stayed pending resolution of her action for alimony instituted in Wayne County was final insofar as it adjudicated that particular right, and the subsequent enactment of G.S. 50-19, providing that an action for divorce could be maintained during the pendency of an action for alimony notwithstanding the provisions of G.S. 1A-1, Rule 13 (a), did not apply to affect the legal consequences of the Supreme Court decision; therefore, the trial court erred where, rather than granting defendant wife's motion to stay plaintiff husband's action for divorce in which

Gardner v. Gardner

defendant had filed a counterclaim for alimony, the court permitted plaintiff to take a voluntary dismissal without prejudice and dismissed defendant's counterclaim.

2. **Divorce and Alimony § 5– divorce action – recriminatory defenses improperly stricken**

In plaintiff's action for divorce, the trial court erred in striking defendant's recriminatory defenses, since the statute eliminating the recriminatory defenses raised by defendant did not become effective until 16 June 1978; this action was filed on 1 June 1976; and the statute did not specify whether it was applicable to pending litigation, and it therefore is given prospective effect only.

APPEAL by defendant-wife from *Lyon, Judge.* Order entered 7 August 1979 in District Court, JOHNSTON County. Appeal by plaintiff-husband from *Christian, Judge.* Order entered 13 December 1979 in District Court, JOHNSTON County. Heard in the Court of Appeals 20 May 1980.

On motion of the parties made pursuant to Rule 40 of the N.C. Rules of Appellate Procedure, the appeals in two cases were consolidated for hearing in the Court of Appeals. Case No. 79DC1157 involves an appeal by defendant-wife from an order granting plaintiff-husband a voluntary dismissal of an action for divorce brought by him in Johnston County on 1 June 1976, (denominated Case No. 76CVD347 in the trial court), and dismissing defendant-wife's defense of recrimination and her counterclaim for alimony without divorce. Case No. 8011DC49 is an appeal by plaintiff-husband from an order dismissing a second action for divorce instituted by him in Johnston County on 8 August 1979 (denominated 79CVD1010 in the trial Court).

The complaint in Case No. 76CVD347, plaintiff's first action for divorce, stated a claim for absolute divorce on the grounds of one year's separation beginning 28 May 1975. Prior to the filing of that action, defendant-wife had instituted Case No. 76CVD620 in Wayne County on 12 May 1976 seeking an award of alimony pendente lite and permanent alimony. She later amended her complaint to pray for a divorce from bed and board. Based on the pendency of her Wayne County Case No. 76CVD620, defendant-wife filed a motion in Case No. 76CVD347, to dismiss her husband's action for absolute divorce or to stay that action pending final resolution of her action for alimony

without divorce. That motion was denied, and defendant filed a petition for certiorari in this Court seeking review of that denial, which petition was denied. She then petitioned the Supreme Court for discretionary review, which petition was allowed. In an opinion filed 24 January 1978 in *Gardner v. Gardner*, 294 N.C. 172, 240 S.E. 2d 399 (1978), the Supreme Court found error in the denial of defendant-wife's motion to dismiss or to stay plaintiff's action for divorce, and remanded the case for further proceedings.

On 31 July 1979, after Case No. 76CVD347 was returned to the district court in Johnston County, defendant-wife again moved to stay the action in accordance with the mandate of the Supreme Court pending final determination of Case No. 76CVD620 in Wayne County or, in the alternative, to continue the action to permit defendant-wife to conduct further discovery. At that time, Case No. 76CVD620 was on appeal from an order of the district court in Wayne County granting the husband's motion for change of venue.[1]

At a hearing before Judge Lyon at the 6 August 1979 session of district court in Johnston County upon defendant's motion to stay Case No. 76CVD347, plaintiff moved in open court to dismiss defendant's defense of indignities to the person, willful failure to provide subsistence, and abandonment, and to dismiss plaintiff's counterclaim for alimony pendente lite and permanent alimony. Judge Lyon entered an order on 7 August 1979 denying defendant-wife's motion to stay, dismissing her defenses to the action for divorce, and dismissing her counterclaim for alimony. He concluded that plaintiff-husband was enti-

---

[1]The judgment of the trial court granting the motion for change of venue was reversed in an opinion by this Court in *Gardner v. Gardner*, 43 N.C. App. 678, 260 S.E. 2d 116 (1979), Vaughn, J., dissenting. That decision was affirmed by the Supreme Court in *Gardner v. Gardner*, 300 N.C. 715, 268 S.E. 2d 468 (1980). The husband had attempted unsuccessfully on two previous occasions to have the venue changed. On both occasions the district court ruled that venue properly lay in Wayne County. On the first occasion, the husband appealed to this court from the ruling denying his motion, and the ruling was affirmed in an unpublished opinion.34 N.C. App. 165, 237 S.E. 2d 357 (1977). On the second occasion, no appeal was perfected as to the venue question.

tled under G.S. 1A-1, Rule 41 (a) to take a voluntary dismissal without prejudice. From that order, defendant-wife appealed.

On 8 August 1979, the day following the entry of Judge Lyon's order, plaintiff-husband instituted Case 79CVD1010 by filing a new complaint seeking absolute divorce in which he alleged that the parties were married on 11 August 1957; that they had separated on 28 May 1975; and that they had lived separate and apart for more than one year immediately preceding the institution of the action. Prior to filing an answer, defendant-wife moved to dismiss the action upon the grounds, among others, that the institution of the action constituted a violation of the mandate of the Supreme Court in the prior appeal of plaintiff-husband's first action for divorce and that the law of the case required that any divorce action be filed as a cross action in defendant's action for alimony without divorce pending in Wayne County, Case No. 76CVD620. Judge Christian, presiding at the 10 December 1979 civil session of district court in Johnston County, granted defendant-wife's motion and ordered that plaintiff have until 14 January 1980 to file his action for divorce as a cross-action or counterclaim in the Wayne County action. From that order, plaintiff-husband appealed.

Upon motions of both parties, the appeals in Nos. 7911DC1157 and 8011DC49 were consolidated for hearing.

*Mast, Tew, Nall & Lucas by George B. Mast and Taylor, Warren, Kerr & Walker by Lindsay C. Warren, Jr. for plaintiff.*

*Freeman, Edwards & Vinson by George K. Freeman for defendant.*

PARKER, Judge.

### Defendant's Appeal

The issue before the Supreme Court in the prior appeal of this case in *Gardner v. Gardner*, 294 N.C. 172, 240 S.E. 2d 399 (1978) was whether the trial court erred in denying defendant-wife's motion to dismiss or stay his action in Johnston County

pending resolution of Case No. 76CVD620, her action for alimony without divorce in Wayne County. In an opinion written by Exum, J., the court held that G.S. 1A-1, Rule 13 (a) required that a stay or a dismissal of this action with leave to plaintiff to file it as a counterclaim in the prior action should be granted, stating:

> Any claim which is filed as an independent, separate action by one spouse during the pendency of a prior claim filed by the other spouse and which may be denominated a compulsory counterclaim under Rule 13 (a), may not be prosecuted during the pendency of the prior action but must be dismissed with leave to file it as a counterclaim in the prior action or stayed until final judgment has been entered in that action. The claim, however, will not be barred *by reason of Rule 13(a)* if it is filed after final judgment has been entered in the prior action.

294 N.C. at 181, 240 S.E. 2d at 406.

Subsequent to that decision, the General Assembly amended Chapter 50 of the General Statutes, effective 1 July 1979, to permit the maintenance of certain actions as independent actions notwithstanding the provisions of Rule 13 (a). 1979 Sess. Laws, Ch. 709, s. 2. That amendment, codified as G.S. 50-19, provides:

> *Maintenance of certain actions as independent actions permissible.-* (a) Notwithstanding the provisions of G.S. 1A-1, Rule 13 (a), any action for divorce under the provisions of G.S. 50-5 or G.S. 50-6 that is filed as an independent, separate action may be prosecuted during the pendency of an action for
>
> (1) Alimony;
>
> (2) Alimony pendente lite;
>
> (3) Custody and support of minor children;

(4)  Custody and support of a person incapable of self-support upon reaching majority; or

(5)  Divorce pursuant to G.S. 50-5 or G.S. 50-6.

**[1]**  The initial question presented on this appeal is whether the district court was bound to follow the Supreme Court's mandate in *Gardner v. Gardner, supra,* or whether G.S. 50-19 as enacted effective 1 July 1979 is applicable. If G.S. 50-19 is given retroactive effect here, plaintiff-husband would have the unquestioned right to maintain his action for divorce in Johnston County even though defendant's action for alimony in Wayne County is still pending. The considerations which should govern determination of this question are similar to those upon which the Supreme Court relied in its recent determination of the issue of venue involved in Case No. 76CVD620, defendant-wife's action pending in Wayne County for alimony without divorce. *Gardner v. Gardner,* 300 N.C. 715, 268 S.E. 2d 468 (1980). In that case, the Supreme Court held that even though statutes or amendments pertaining to procedure are generally to be applied retrospectively, the amendment to G.S. 50-3 could not be applied in that case to defeat the wife's right to venue in Wayne County established by statute and by prior judicial determination. The court stated:

> Our concern here, however, is less with the metaphysics of plaintiff's right to her chosen venue than with the constitutional requirement that the judgment which accords that right be stable. Article IV, Sec. 1 of the North Carolina Constitution vests the judicial power of the State, including the power to render judgments, in the General Court of Justice, not in the General Assembly. Under this provision, the Legislature has no authority to invade the province of the judicial department. *State v. Matthews,* 270 N.C. 35, 153 S.E. 2d 791 (1967). It follows, then, that a legislative declaration may not be given effect to alter or amend a final exercise of the courts' rightful jurisdiction. Hospital v. Guilford County, 221 N.C. 308, 20 S.E. 2d 332 (1942).

300 N.C. at 719, 268 S.E. 2d at 471.

In the proper exercise of its jurisdiction upon the prior appeal in this case, the Supreme Court determined that G.S. 1A-1, Rule 13(a) accorded defendant-wife the right to have her husband's action for divorce dismissed or to have it stayed pending resolution of Case No. 76CVD620 in Wayne County. Insofar as the decision adjudicated that particular right, it was final, and the subsequent enactment of G.S. 50-19 could in no way affect the legal consequences flowing therefrom. Upon remand of any case after appeal, the mandate of the Supreme Court must be adhered to strictly, and any judgment entered in the cause by the trial court in any manner contrary to that mandate is erroneous. *D & W Inc. v. Charlotte*, 268 N.C. 720, 152 S.E. 2d 199 (1966); *Collins v. Simms*, 257 N.C. 1, 125 S.E. 2d 298 (1962). "Otherwise, litigation would never be ended, and the supreme tribunal of the state would be shorn of authority over inferior tribunals." *Collins v. Simms, supra* at 11, 125 S.E. 2d at 306. (Parker, J., concurring).

Here the trial court, rather than granting defendant-wife's motion to stay the action in accordance with the Supreme Court's mandate, permitted plaintiff-husband to take a voluntary dismissal without prejudice pursuant to G.S. 1A-1, Rule 41(a) and dismissed defendant-wife's counterclaim for alimony without divorce. This the court had no power to do. Although defendant-wife has a similar claim for alimony without divorce pending in Wayne County, she nevertheless had a statutory right to plead this counterclaim in her husband's action for divorce. *vanDooren v. vanDooren*, 37 N.C. App. 333, 246 S.E. 2d 20 (1978). Having filed a counterclaim arising out of the same transaction alleged in plaintiff-husband's complaint, defendant thereby deprived plaintiff of his statutory right under G.S. 1A-1, Rule 41(a) to take a voluntary dismissal without her consent. *Swygert v. Swygert*, 46 N.C. App. 173, 264 S.E. 2d 902 (filed 15 April 1980); *Layell v. Baker*, 46 N.C. App. 1, 264 S.E. 2d 406, (erroneously shown in 265 S.E. 2d 252 as a case reported without published opinion) (1980). Further, the dismissal contemplated by the Supreme Court upon remand from the earlier appeal was clearly not a voluntary dismissal by plaintiff pursuant to Rule 41(a), but a dismissal by the trial court by virtue of G.S. 1A-1, Rule 13(a), upon the terms and conditions specified in the court's opinion.

[2]  Not only did the trial court err in dismissing defendant's counterclaim, it also erred in striking her recriminatory defenses. Plaintiff-husband filed this action for divorce pursuant to G.S. 50-6 on 1 June 1976. In 1977 Sess. Laws. Ch. 817, Sec. 1, effective 1 August 1977, the General Assembly amended G.S. 50-6 to provide in pertinent part:

> A plea of *res judicata* or of recrimination with respect to any provision of G.S. 50-5 shall not be a bar to either party obtaining a divorce (on the grounds of one year's separation).

The amendment specified that it was not applicable to pending litigation. Subsequently, in 1977 Sess. Laws Ch. 1190 Sec. 1, the legislature again amended G.S. 50-6 to substitute the following language:

> A plea of *res judicata*, or of recrimination with respect to any provision of G.S. 50-5 or G.S. 50-7, shall not be a bar to either party's obtaining a divorce under this section.

This act specified that it would be effective 16 June 1978. Although the earlier amendment to G.S. 50-6 eliminated certain recriminatory defenses of a spouse to an action for absolute divorce brought by the other spouse on the ground of one year's separation, the eliminated defenses referred to were those based upon "any provision of G.S. 50-5." The defenses "based upon any provision of G.S. 50-7," which would include the defenses of abandonment and indignities to the person, were not eliminated until 16 June 1978, the effective date of the second amendment to G.S. 50-6. That amendment did not specify whether it was applicable to pending litigation. The general rule of construction is that an amendment which invalidates a preexisting statutory defense will, in the absence of a clear legislative intention otherwise, be given prospective effect only. *See generally, Smith v. Mercer,* 276 N.C. 329, 172 S.E. 2d 489 (1970); 73 Am. Jur. 2d Statutes, § 350, pp. 487-488. We find nothing in the second amendment to indicate a legislative intent that the elimination of the recriminatory defenses based upon G.S. 50-7 should apply retroactively.

---

Gardner v. Gardner

---

PLAINTIFF'S APPEAL

Plaintiff initiated his second action for absolute divorce on the day following the entry of Judge Lyon's order permitting plaintiff to take a voluntary dismissal of his first action for divorce. In dismissing plaintiff's second action for divorce and giving him leave to file it as a cross-action or counterclaim in the alimony action in Wayne County, Judge Christian relied upon the mandate of *Gardner v. Gardner, supra.*

It is clear that if plaintiff had initiated an action for absolute divorce on 8 August 1979 *for the first time*, the pendency of defendant's action for alimony would not bar the maintenance of this new action, G.S. 50-19, and defendant would not be entitled to raise any recriminatory defenses. G.S. 50-6, as amended in 1977 Sess. Laws, Ch. 1190, s.1. Plaintiff did not, however, seek an absolute divorce in this action for the first time, and his right to maintain the action must be determined with reference to the entire history of litigation between the parties. The allegations upon which plaintiff's claim for relief in this second action for divorce was based are identical to those in Case No. 76CVD347, his first action for divorce. Plaintiff-husband was only in a position to file a second action on those grounds because of his voluntary dismissal of that first action on the previous day. We have held on defendant's appeal that Judge Lyon erred in permitting plaintiff to take that voluntary dismissal. As stated earlier, the decision of the Supreme Court in *Gardner v. Gardner, supra,* on the earlier appeal in plaintiff's first divorce action was a final judicial determination of defendant-wife's right by virtue of Rule 13(a) to require that her husband's action for divorce based on the separation of the parties since 28 May 1975 be stayed pending resolution of the Wayne County action or dismissed with leave to file it as a counterclaim in that action. For the same reasons that there was error in Judge Lyon's order permitting that dismissal, there was no error in Judge Christian's order requiring plaintiff-husband to bring his action on those grounds, if at all, as a counterclaim in the pending suit for alimony without divorce. That was the law of the case, *Wilson v. McClenny*, 269 N.C. 399, 152 S.E. 2d 529 (1967), *Pulley v. Pulley*, 256 N.C. 600, 124 S.E. 2d 571 (1962), which no subsequent legislative enactment could alter.

## CONCLUSION

The result is, in Case No. 7911DC1157, the order allowing plaintiff-husband to take a voluntary dismissal and dismissing defendant's counterclaim and defense of recrimination is reversed, and the case is remanded.

Reversed and Remanded

In Case No. 8011DC49, the order dismissing plaintiff's action for absolute divorce is

Affirmed.

The costs on appeal in both cases will be taxed against the plaintiff.

Judges HEDRICK and VAUGHN concur.