Harwood v. Harrelson Ford, Inc.

CHRISTOPHER DAVID HARWOOD, By His GUARDIAN AD LITEM, GARIOT HOMER HARWOOD, JR., PLAINTIFFS v. HARRELSON FORD, INC., AND DANIEL ERNEST McKAY, DEFENDANTS

MARY ANN HARWOOD, GARIOT HOMER HARWOOD, JR., AND GINA MICHELLE HARWOOD, BY HER GUARDIAN AD LITEM, GARIOT HOMER HARWOOD, JR., PLAINTIFFS v. HARRELSON FORD, INC., AND DANIEL ERNEST McKAY, DEFENDANTS

No. 8526SC302

(Filed 17 December 1985)

1. Interest § 2— prejudgment interest statute—pending litigation—award improper

The trial court erred in granting prejudgment interest to plaintiff where the action was instituted prior to enactment of the statute providing for prejudgment interest, and the statute was not applicable to pending litigation.

2. Interest § 2; Rules of Civil Procedure § 41.1— prejudgment interest statute— pending litigation—voluntary dismissal—new action—award of prejudgment interest proper

The trial court properly awarded prejudgment interest to three plaintiffs who originally instituted their actions on 13 August 1980, before amendment of N.C.G.S. 24-5 to allow prejudgment interest, where plaintiffs took a voluntary dismissal of their actions without prejudice on 29 April 1982; their actions were definitely and finally terminated when they filed their notice of dismissal; on 26 August 1982, after the effective date of the amendment, plaintiffs filed their subsequent complaint and completed service of process; and plaintiffs thus could receive the benefit of the amendment to N.C.G.S. 24-5.

APPEAL by defendants from *Snepp, Judge.* Judgment entered 24 October 1984 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 17 October 1985.

On 14 August 1977, plaintiff, Gariot Homer Harwood, was driving a 1976 Oldsmobile in a westerly direction on North Carolina Highway Number 16. Passengers in the car were the following: his wife, plaintiff, Mary Anne Harwood and their children, minor plaintiffs, Gina Michelle Harwood and Christopher David Harwood. Defendant, Daniel Ernest McKay, was driving a 1975 Ford owned by defendant, Harrelson Ford, Inc., in an easterly direction on North Carolina Highway Number 16.

The vehicle operated by defendant crossed the center line resulting in a head-on collision with the vehicle operated by plain-

tiff, Gariot Homer Harwood. The collision took place approximately one and six-tenths (1 6/10) of a mile from the city limits of Charlotte, North Carolina.

On 13 August 1980, four (4) separate complaints were filed for each of the four (4) individual plaintiffs. (Mary Ann Harwood, 80CVS7965; Gariot Homer Harwood Jr., 80CVS7966; Gariot Homer Harwood as Guardian *ad litem* filed complaints on behalf of Gina Michelle Harwood, 80CVS7967 and Christopher David Harwood, 80CVS7968.) The complaints, *inter alia*, alleged that defendant McKay, while operating Harrelson Ford Inc.'s automobile and acting as its agent, was negligent in the operation of the automobile in the following respects: failing to use due care; failing to keep the vehicle under control; and failing to keep the vehicle on the right hand side of the road. Defendants answered each complaint separately. In each answer, defendants denied any negligence. Their second defense was that an electrical system failure in the vehicle driven by defendant McKay resulted in a power steering failure, and thus the accident was unavoidable. Defendants affirmatively alleged that McKay was faced with an emergency situation and that his actions were reasonable and prudent.

On 29 April 1982, a Notice of Dismissal without prejudice was filed in the following plaintiffs' cases: Mary Ann Harwood, 80CVS7965; Gariot Homer Harwood, Jr., 80CVS7966, and Gina Michelle Harwood, 80CVS7967. Rule 41(a)(1), N.C. Rules Civ. P. Plaintiff, Christopher David Harwood (80CVS7968) did not file a Notice of Dismissal.

On 26 August 1982, a new complaint was filed on behalf of plaintiffs, Mary Ann Harwood, Gariot Homer Harwood, Jr., and Gina Michelle Harwood (82CVS8783). Defendants answered and pursuant to Rule 42(a), N.C. Rules Civ. P., moved the court to consolidate case numbers 80CVS7968 and 82CVS8783. The court granted defendants' motion to consolidate the cases for trial.

The cases were tried before a jury. The jury returned verdicts in favor of the four plaintiffs as follows: Mary Anne Harwood, $127,000.00; Gariot Homer Harwood, Jr., $25,000.00; Gina Michelle Harwood, $30.00 and Christopher David Harwood, $5,000.00. The court, *inter alia*, ordered defendant to pay plaintiffs Mary Ann Harwood, Gariot Homer Harwood, Jr., and Gina Michelle Harwood prejudgment interest from 26 August 1982. (82CVS8783). Defendants were ordered to pay to plaintiff,

Christopher David Harwood, prejudgment interest from 13 August 1980. (80CVS7968).

On 23 January 1985, pursuant to Rule 60, N.C. Rules Civ. P., defendants made a motion to correct judgment by striking those portions of the judgment awarding plaintiffs prejudgment interest. Defendants' motion to correct judgment was denied on 28 January 1985. From the court's denial of motion to correct judgment defendants appeal.

*Bailey, Patterson, Caddell & Bailey, by James A. Warren, Jr., for plaintiff appellees.*

*Walker, Palmer & Miller, by Douglas M. Martin, for defendant appellants.*

JOHNSON, Judge.

[1] The sole issue presented by defendants' appeal is whether plaintiffs are entitled to prejudgment interest. We note at the outset that defendants assert and plaintiffs concede that plaintiff, Christopher David Harwood's action (80CVS7968) was pending litigation on 5 May 1981. When plaintiffs instituted their first actions on 13 August 1980, G.S. 24-5 did not give plaintiffs the right to prejudgment interest. Prior to amendment G.S. 24-5 was as follows:

> All sums of money due by contract of any kind, excepting money due on penal bonds, shall bear interest, and when a jury shall render a verdict therefor they shall distinguish the principal from the sum allowed as interest; and the principal sum due on all such contracts shall bear interest from the time of rendering judgment thereon until it is paid and satisfied. In like manner, the amount of any judgment or decree, except the costs, rendered or adjudged in any kind of action, though not on contract, shall bear interest till paid, and the judgment and decree of the court shall be rendered according to this section.

Noticeably, G.S. 24-5 does not provide for prejudgment interest.

On 5 May 1981, the North Carolina General Assembly amended G.S. 24-5 as follows:

All sums of money due by contract of any kind, excepting money due on penal bonds, shall bear interest, and when a jury shall render a verdict therefor they shall distinguish the principal from the sum allowed as interest; and the principal sum due on all such contracts shall bear interest from the time of rendering judgment thereon until it is paid and satisfied. *The portion of all money judgments designated by the fact-finder as compensatory damages in actions other than contract shall bear interest from the time the action is instituted until the judgment is paid and satisfied, and the judgment and decree of the court shall be rendered accordingly. The preceding sentence shall apply only to claims covered by liability insurance.* The portion of all money judgments designated by the fact-finder as compensatory damages in actions other than contract which are not covered by liability insurance shall bear interest from the time of the verdict until the judgment is paid and satisfied and the judgment and decree of the court shall be rendered accordingly. (Emphasis ours.)

The meaning of the statute is clear and unambiguous. Plaintiffs who institute actions may now recover prejudgment interest from tortfeasors such as defendant, when the claim is covered by liability insurance. The legislative history of the statute reveals the legislature's intent to make the statute *inapplicable to pending litigation.* "This act is effective upon ratification but *shall not apply to pending litigation.*" *See* 1981 N.C. Session Laws Ch. 327 sec. 3 (emphasis ours). In order to give the amendment effect to plaintiff, Christopher David Harwood's case (80CVS7968), we would have to retroactively apply the statute since he instituted his action 13 August 1980. Christopher David Harwood's action (80CVS7968) was instituted almost a year prior to the amendment and was pending upon ratification of the act amending G.S. 24-5. The trial court was in error and should not have granted prejudgment interest to this plaintiff.

[2]   Plaintiffs Mary Anne Harwood, Gariot Homer Harwood and Gina Michelle Harwood, pursuant to Rule 41(a), N.C. Rules Civ. P., timely filed a voluntary Notice of Dismissal. Our interpretation of the effect of the court's allowance of the Rule 41(a)(1) voluntary dismissal without prejudice and the subsequent complaint filed by these three plaintiffs is dispositive of defendants' appeal.

Notice of Dismissal — No. 80CVS7965 (filed April 29, 1982)

The plaintiffs, hereby give notice *that this action be and it is hereby dismissed* without prejudice to any rights of the Plaintiffs against the Defendants growing out of or connected with the things and matters set forth in the Complaint.

The plaintiffs hereby stipulate that the cost of *this* shall (sic) *action* be taxed against the plaintiff.

Rule 41(a)(1), N.C. Rules Civ. P. is as follows:

By Plaintiff; by Stipulation — Subject to the provisions of Rule 23(c) and of any statute of this State, *an action or any claim therein may be dismissed by the plaintiff without order of the court* (i) by filing a notice of dismissal at any time before the plaintiff rests his case, or; (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this or any other state or of the United States an action based on or including the same claim. If an action commenced within the time prescribed therefor, or any claim therein is dismissed without prejudice under this subsection, *a new action* based on the same claim may be commenced within one year after such dismissal unless a stipulation filed under (ii) of this subsection shall specify a shorter time. (Emphasis ours.)

If plaintiffs in case 82CVS8783 had received a judgment in their actions filed 13 August 1980 (subsequently voluntarily dismissed) they, like plaintiff Christopher David Harwood, would not have been entitled to prejudgment interest since their actions would have been pending on the effective date of the act. However, Rule 41(a)(1) entitled plaintiffs to have their actions dismissed and commence a new action within one year from the date of their voluntary dismissal. The termination of plaintiffs' lawsuit instituted 13 August 1980 was final when plaintiffs filed their Notice of Dismissal. *See Danielson v. Cummings*, 300 N.C. 175, 265 S.E. 2d 161 (1980). In *Danielson*, the Court distinguished the finality of the termination of a lawsuit when the appeal process is

over, from the finality of terminating a lawsuit when a voluntary dismissal is filed. One principal reason noted by the Court for such a construction of Rule 41(a)(1), was to prevent plaintiff from indefinitely tolling the statute of limitations.

> The issue in *Rowland v. Beauchamp* therefore was the finality of the termination of the first lawsuit. There final termination only occurred when the appeal process was over. Here *the first action* was *definitely* and *finally terminated by plaintiff's voluntary dismissal* in open court when Judge Collier *ended the case* and dismissed the jury on 1 February 1977.

*Id.* at 180, 265 S.E. 2d at 164 (emphasis ours). In the case *sub judice* (82CVS8783), plaintiffs' first actions were definitely and finally terminated when all three complainants filed their Notice of Dismissal. On 26 August 1982, after the effective date of the amendment, plaintiffs filed their subsequent complaint and completed service of process in case number 82CVS8783.

Defendants' chief contention is that a strict construction of Rule 41(a)(1) allows plaintiffs to retroactively receive the benefit of the amendment to G.S. 24-5, which circumvents the legislature's intent. We disagree. The Legislature's purpose in amending G.S. 24-5 was to provide an incentive to insurance companies to expeditiously litigate actions they are involved in. *See Powe v. Odell*, 312 N.C. 410, 322 S.E. 2d 762 (1984). The prejudgment interest is calculated from the filing of the lawsuit. Actions which were pending at the time G.S. 24-5 was amended cannot fairly be placed in the same category as those instituted after the effective date of the amendment. Applied to pending litigation, the amendment would serve more as a penalty than an incentive, since there would be no way for insurance companies to cure past delays in litigation. However, in the case *sub judice*, on 26 August 1982, when plaintiffs filed their complaint, insurance companies were aware of the legislature's expressed intent to encourage prompt resolution of lawsuits. Yet, over three years have passed since the three plaintiffs filed their lawsuit (82CVS8783) and their judgment is yet to be satisfied. We conclude that with respect to plaintiffs in case number 82CVS8783, the judgment of the trial court is consistent with the legislature's intent as expressed in G.S. 24-5. However, with respect to 80CVS7968 the trial court was in error.

82CVS8783 affirmed.

80CVS7968 remanded to the trial court to enter judgment consistent with this opinion.

Judges WEBB and PHILLIPS concur.