SHERYL W. BRANNOCK, Plaintiff v. TOMMY D. BRANNOCK, Defendant

No. COA98-1179

(Filed 7 December 1999)

## 1. Appeal and Error— preservation of issues—voluntary dismissal

Defendant's failure to appeal did not preclude consideration of assignments of error and arguments addressed to the voluntary dismissal of a claim. While an involuntary dismissal under Rule 41(b) constitutes a discretionary action of the trial court and a party who fails to appeal such dismissal is bound thereby, a Rule 41(a)(1) dismissal emanates from a party's election to dismiss a claim and is not based upon an order or discretionary ruling of the court. It appears that any attempt by defendant to appeal plaintiff's Rule 41(a)(1) dismissal would have been ineffective because, under N.C.R. App. P. 3(a), appeal may be taken only from a judgment or order of a superior or district court.

## 2. Trials; Divorce— alimony—voluntary dismissal—statutory amendment—new action

Summary judgment should not have been granted in favor of plaintiff and should have been granted for defendant where defendant instituted a divorce action, plaintiff responded with a counterclaim seeking alimony pursuant to N.C.G.S. § 50-16.1 (since repealed), defendant asserted as an affirmative defense that plaintiff had engaged in an adulterous relationship, the parties were divorced with the judgment providing that matters pertaining to alimony were retained for a later date, plaintiff filed a voluntary dismissal without prejudice under Rule 41(a), plaintiff filed a new complaint seeking alimony under the new N.C.G.S. § 50-16.1A(3)a, defendant stipulated that he had committed illicit sexual behavior under that statute and plaintiff admitted that she had not "remained celibate" from the separation to the divorce, and the trial court granted summary judgment for plaintiff. Under the prior statute, proof that a dependent spouse (plaintiff, here) had committed adultery anytime prior to entry of divorce provided the supporting spouse (defendant, here) an absolute defense against alimony notwithstanding similar conduct by the supporting spouse, while the new statute focuses solely upon misconduct prior to separation. Considering the invalidation of a statutory absolute defense for alimony which defendant enjoyed

as a vested right at the time plaintiff voluntarily dismissed her first claim for alimony and the subjection of defendant to new liability which did not previously exist, it cannot be said that the second claim constituted a new action on the same claim earlier dismissed, particularly upon viewing the entire history of the litigation between the parties. While the procedural remedy of alimony previously existed, the substantive rights of the parties are now different and the second claim constituted a new and distinct claim for alimony which is barred.

Appeal by defendant from summary judgment entered 25 June 1998 by Judge A. Moses Massey in Surry County District Court. Heard in the Court of Appeals 12 May 1999.

*Schoch and Woodruff, L.L.P., by Carolyn J. Woodruff, for plaintiff-appellee.*

*Bell, Davis and Pitt, P.A., by Robin J. Stinson, for defendant-appellant.*

JOHN, Judge.

Defendant appeals the trial court's 25 June 1998, *nunc pro tunc* 23 April 1998, grant of summary judgment in favor of plaintiff. Defendant contends the trial court erred by allowing plaintiff to pursue a new alimony claim (Claim # 2) under N.C.G.S. § 50-16.1A *et seq.* (1995) following her voluntary dismissal of a pending alimony claim (Claim #1) asserted under N.C.G.S. § 50-16.1 *et seq.* (*repealed by* 1995 N.C. Sess. Laws ch. 319, § 1, effective October 1, 1995). We reverse the trial court.

Pertinent undisputed facts and relevant procedural history include the following: Plaintiff and defendant were married 24 May 1976 and separated 14 July 1994. Defendant instituted a divorce action 17 July 1995, and plaintiff responded 14 August 1995 with an answer and counterclaim seeking alimony pursuant to G.S. § 50-16.1 *et seq.* (repealed). Defendant's 25 August 1995 Reply asserted as an affirmative defense that plaintiff had

engaged in an adulterous relationship . . . [and that] N.C.G.S. § 50-16.6 specifically does not allow alimony to be paid when the issue of adultery is found against the spouse seeking alimony.

Defendant also filed and served upon plaintiff a request for admissions, eliciting therein acknowledgment by plaintiff that she

BRANNOCK v. BRANNOCK

[135 N.C. App. 635 (1999)]

had "engaged in a sexual relationship since the date of separation from [defendant] with a person other than [defendant]." Plaintiff failed to respond thereto and the parties do not dispute that defendant's request was deemed admitted by operation of N.C.G.S. § 1A-1, Rule 36 (1990).

Plaintiff and defendant were divorced 11 April 1996, the judgment providing that matters pertaining to alimony were "retained by the Court for hearing at a later date." On 21 March 1997, plaintiff filed a notice of voluntary dismissal without prejudice, see N.C.G.S. § 1A-1, Rule 41(a) (1990) (Rule 41(a)), voluntarily dismissing Claim #1.

On 2 April 1997, plaintiff filed a complaint asserting Claim # 2 and alleging in pertinent part as follows:

5. At the time the judgment of absolute divorce was entered . . . Plaintiff had pending a counterclaim for alimony. . . .

. . . .

7. Pursuant to Rule 41 . . . [and] *Stegall v. Stegall*, 336 N.C. 473, 444 S.E.2d 177 (1994), Plaintiff is entitled to file a new action based upon the same claims as originally asserted in her counterclaim for alimony [Claim #1] . . . within one year of the voluntary dismissal without prejudice of her counterclaim.

. . . .

13. The Plaintiff is automatically entitled to an award of alimony by virtue of the Defendant's participating in an act of illicit sexual behavior as defined in N.C.G.S. § 50-16.1A(3)a, during the marriage and prior to the date of separation. The Plaintiff did not participate in an act of illicit sexual behavior as defined in N.C.G.S. § 50-16.1A(3)a, during the marriage and prior to the date of separation.

Defendant's 11 July 1997 answer and motion to dismiss pleaded, *inter alia*, plaintiff's adultery prior to divorce as a bar to "[p]laintiff's demand for alimony herein."

On 26 August 1997, defendant filed a stipulation, "for the purposes of Plaintiff's claim for alimony" in Claim # 2, conceding he had committed illicit sexual behavior under N.C.G.S. § 50-16.3A(a) (1995). The referenced statute provides:

(a) . . . If the court finds that the dependent spouse participated in an act of illicit sexual behavior [including adultery] . . . during

the marriage and prior to or on the date of separation, the court shall not award alimony. If the court finds that the supporting spouse participated in [adultery] . . . during the marriage and prior to or on the date of separation, then the court shall order that alimony be paid to a dependent spouse.

G.S. § 50-16.3A(a).

Following a 10 December 1997 trial court order to compel, plaintiff filed a response to admissions. Plaintiff admitted therein that she had "engaged in sexual relationships with a person other than" defendant and that she had "not remained celibate from the date of separation until [the] date of divorce."

Plaintiff moved for summary judgment 17 March 1998 as to the issue of her entitlement to alimony under G.S. § 50-16.3A(a). She argued there remained no issue of material fact in view of defendant's uncontested status as supporting spouse, his stipulated participation in illicit sexual behavior as defined in the new statute during the marriage and prior to separation, and the absence of plaintiff's misconduct, again as provided in the new law, prior to separation. The trial court agreed and allowed plaintiff's motion 25 June 1998. Defendant appeals.

[1] We note preliminarily the record contains no indication that defendant interjected notice of appeal upon plaintiff's voluntary dismissal under Rule 41(a) of Claim # 1. This Court has held that an involuntary dismissal under N.C.G.S. § 1A-1, Rule 41(b) (1990) (Rule 41(b)), constitutes a discretionary action of the trial court and a party who fails to appeal such dismissal is bound thereby. *Jones v. Summers*, 117 N.C. App. 415, 418-19, 450 S.E.2d 920, 922-23 (1994), *disc. review denied*, 340 N.C. 112, 456 S.E.2d 315 (1995). However, a Rule 41(a)(1) dismissal emanates from a party's election to dismiss a claim and, unlike dismissal pursuant to Rule 41(b), is not based upon an order or discretionary ruling of the court. *See* G.S. § 1A-1, Rule 41(a)(1) ("action or any claim . . . may be dismissed by the plaintiff *without order of court* . . . by filing a notice of dismissal at any time before the plaintiff rests his case") (emphasis added); *Ward v. Taylor*, 68 N.C. App. 74, 78, 314 S.E.2d 814, 819, *disc. review denied*, 311 N.C. 769, 321 S.E.2d 157 (1984) (Rule 41(a)(1) "does not require court action, other than ministerial record-keeping functions, to effect a dismissal"); *Carter v. Clowers*, 102 N.C. App. 247, 250-51, 401 S.E.2d 662, 664 (1991) (a party "is free to abandon an alleged or potential claim against another party at any time" and "*no action of the court*

is necessary" to give Rule 41(a)(1) notice of dismissal its full effect)
(emphasis in original); and *Kohn v. Mug-A-Bug*, 94 N.C. App. 594,
596, 380 S.E.2d 548, 550 (1989), *overruled on other grounds, Bryson
v. Sullivan*, 330 N.C. 644, 412 S.E.2d 327 (1992) (plaintiffs possessed
"unqualified right" to take Rule 41(a)(1) dismissal where case in pre-
trial stage and defendants had sought no affirmative relief).

It thus appears any attempt by defendant to appeal plaintiff's Rule
41(a)(1) dismissal of Claim # 1 would have been ineffective. *See*
N.C.R. App. P. 3(a) (appeal may be taken only "from *a judgment or
order of a superior or district court* rendered in a civil action")
(emphasis added). Accordingly, defendant's failure to appeal does not
preclude our consideration herein of the assignments of error and
arguments addressed to dismissal of Claim # 1. *See also Wells v. Wells*,
132 N.C. App. 401, 406, 512 S.E.2d 468, 470-71, *disc. review denied*,
350 N.C. 599, —— S.E.2d —— (1999) (plaintiff's assignments of error
and arguments in appellate brief preserved right to appeal interlocu-
tory order notwithstanding plaintiff's failure to reference order in for-
mal notice of appeal).

**[2]** We turn therefore to defendant's argument that Claim # 2 failed to
qualify as "a new action based on the same claim" under Rule 41(a)(1)
so as to permit filing of Claim # 2 within one year of plaintiff's dis-
missal of Claim # 1. G.S. § 1A-1, Rule 41(a)(1). According to defend-
ant, G.S. § 50-16.1A *et seq.* created a claim of alimony distinct from
that set out in repealed G.S. § 50-16.1 *et seq.* Defendant points to sig-
nificant substantive differences affecting, *inter alia,* entitlement to
alimony. We conclude defendant's argument is well founded.

Rule 41(a) provides:

If an action commenced within the time prescribed therefor, or
any claim therein, is dismissed without prejudice under this sub-
section, a new action based on the same claim may be com-
menced within one year after such dismissal . . . .

G.S. § 1A-1, Rule 41(a)(1).

Our courts have required the "strictest factual identity between
the original" claim, *Goodson v. Lehmon*, 225 N.C. 514, 518, 35 S.E.2d
623, 625 (1945) (construing N.C.G.S. § 1-25, a predecessor of Rule
41(a)(1)); *see Whitehurst v. Transportation Co.*, 19 N.C. App. 352,
355, 198 S.E.2d 741, 743 (1973) (provisions of Rule 41 follow G.S.
§ 1-25 without change), and the "new" action, which must be based
upon the "same claim," G.S. § 1A-1, Rule 41(a)(1), as the original

action. Further, both claims must be "substantially the same, involving the same parties, the same cause of action, and the same right." *Cherokee Ins. Co. v. R/I, Inc.*, 97 N.C. App. 295, 297, 388 S.E.2d 239, 240, *disc. review denied*, 326 N.C. 594, 393 S.E.2d 875 (1990) (citations omitted). If the actions are "fundamentally different," *Stanford v. Owens*, 76 N.C. App. 284, 289, 332 S.E.2d 730, 733, *disc. review denied*, 314 N.C. 670, 336 S.E.2d 402 (1985), or not "based on the same claim[s]," G.S. § 1A-1, Rule 41(a)(1), the new action is not considered a "continuation of the [original] action," *Goodson*, 225 N.C. at 518, 35 S.E.2d at 625, and Rule 41(a) may not be invoked.

Notwithstanding, it appears a party may voluntarily dismiss a pending alimony claim following entry of a divorce judgment and thereafter file within one year under Rule 41(a) an action based upon the earlier alimony claim. *Stegall v. Stegall*, 336 N.C. 473, 479, 444 S.E.2d 177, 181 (1994) ("if alimony . . . claim[] [is] properly asserted . . . and [is] not voluntarily dismissed pursuant to Rule 41(a)(1) until after judgment of absolute divorce is entered, a new action based on th[at] claim[] may be filed within the one-year period"); *cf. Lafferty v. Lafferty*, 125 N.C. App. 611, 613, 481 S.E.2d 401, 402, *disc. review denied*, 346 N.C. 280, 487 S.E.2d 549 (1997) (citations omitted) (plaintiff may not voluntarily dismiss claim under Rule 41(a) without consent of defendant where latter has set up claim against plaintiff arising out of same transactions alleged by plaintiff). While plaintiff relies on *Stegall* as establishing that "dismissal of her first claim after the entry of Judgment of Divorce and the subsequent refiling of the action was procedurally proper," she concedes the case does not address the operation of Rule 41(a)(1) when new legislation intervenes between dismissal and subsequent refiling.

Pertinent to the case *sub judice* and effective 1 October 1995, G.S. § 50-16.1A *et seq.* repealed the existing alimony statute, G.S. § 50-16.1 *et seq.*, and became applicable to civil actions filed on or after said date, specifically excluding pending litigation or motions in the cause seeking to modify orders or judgments already in effect on that date. G.S. § 50-16.1A (Act of June 21, 1995, ch. 319, § 12, 1995 N.C. Sess. Laws 641, 649) (provisions "shall not apply to pending litigation, or to future motions in the cause seeking to modify orders or judgments in effect on October 1, 1995").

We begin with the observation that plaintiff's reference to *Stegall* may not be beneficial to her position before this Court. *Stegall* in effect held that an alimony claim pending at the time of a divorce

judgment and subsequently voluntarily dismissed may be refiled within the one year period permitted by Rule 41(a)(1). *Stegall*, 336 N.C. at 479, 444 S.E.2d at 181. By citing *Stegall*, plaintiff thus posits that Claim # 1, later dismissed 21 March 1997 and, according to plaintiff, refiled as Claim # 2 on 2 April 1997, was pending 1 October 1995. However, G.S. § 50-16.1A *et seq.*, upon which plaintiff expressly based Claim # 2, provides the section is inapplicable to litigation pending upon the statutory effective date of 1 October 1995.

If, therefore, as plaintiff argues to this Court, Claim # 2 is "based on the same claim," G.S. § 1A-1, Rule 41(a)(1), advanced in Claim # 1, it would then appear that Claim # 2 was "pending" 1 October 1995 and the provisions of G.S. § 50-16.1A *et seq.* would not be applicable. *See McFetters v. McFetters*, 219 N.C. 731, 734, 14 S.E.2d 833, 835 (1941) ("[a]n action is deemed to be pending from the time it is commenced until its final determination"); *see also* Black's Law Dictionary 1021 (5th ed. 1979) ("an action or suit is 'pending' from its inception until the rendition of final judgment; [action b]egun, but not yet completed"), and The American Heritage College Dictionary 1010 (3d ed. 1997) ("pending" defined as "[n]ot yet decided or settled; awaiting conclusion or confirmation"). On the other hand, if Claim # 2 is found not to be "based on the same claim" advanced in Claim # 1, then Claim # 2 must fail as a "new" claim for alimony initiated subsequent to the parties' divorce. *See* N.C.G.S. § 50-11(c)(1995) (divorce "shall not affect the rights of either spouse with respect to any action for alimony . . . pending at the time the judgment for divorce is granted"). While plaintiff's appeal would thus be unavailing under either theory, we conclude Claim # 2 did not constitute "a new action based on the same claim." G.S. § 1A-1, Rule 41(a)(1).

The new statute has been described as effecting a "wholesale revision," Sally B. Sharp, *Step by Step: The Development of the Distributive Consequences of Divorce in North Carolina*, 76 N.C.L. Rev. 2018 (1998); *see id.* at n.1 ("definitions of a dependent spouse and a supporting spouse . . . are virtually the only portions of the new alimony act . . . that have remained in their original form"), in North Carolina alimony law, "basically replac[ing]," *id.* at 2029, prior law with new "principles, concepts and directives that are inconsistent with previous case law," *id.* at 2031, and laying a "foundation for the development of many fundamental principles thus far unknown" to our State's domestic law, *id.* at 2021. In short, the new alimony statute created: 1) postseparation support, a new category of support replacing *alimony pendente lite*, 2) less restrictive dependency require-

ments, 3) greater flexibility in determining the amount and duration of alimony, including a marked departure from a standard of living assessment, and, most significantly 4) less emphasis on fault. *See id.* at 2022.

For example, North Carolina courts previously were required to conduct a completely fault-based assessment to determine entitlement to alimony, whereas under the new statute fault merely constitutes a factor to be considered in resolving support eligibility and amount. *See id.* at 2031-32. Prior law entitled a dependent spouse to alimony upon proof the supporting spouse had committed one of ten fault grounds set forth under G.S. § 50-16.2 (repealed), including adultery. G.S. § 50-16.2(1) (repealed); *see Adams v. Adams*, 92 N.C. App. 274, 278-79, 374 S.E.2d 450, 452-53 (1988) (adultery by supporting spouse after separation date, but prior to divorce, grounds for alimony; no distinction between pre-separation and post-separation adultery under G.S. § 50-16.2(1)). However, regardless of such proof, a dependent spouse was barred from an award of alimony if "adultery [wa]s pleaded in bar of demand . . . and the issue of adultery [wa]s found against the spouse seeking alimony." G.S. § 50-16.6(a) (repealed). Accordingly, proof a dependent spouse had committed adultery anytime prior to entry of divorce provided the supporting spouse an absolute defense against an alimony claim, notwithstanding similar misconduct by the supporting spouse. *See id.*

By contrast, the new alimony statute has replaced the concept of adultery with a broader category denominated "illicit sexual behavior," G.S. § 50-16.1A(3)(a), encompassing, by way of example, adultery committed "during the marriage and prior to or on the date of separation," G.S. § 50-16.1A(3). In focusing solely upon misconduct prior to separation, the new law substantively changed previous concern with acts occurring anytime before divorce.

In addition, the new statute entirely eliminated the absolute defense provided in G.S. § 50-16.6(a) (repealed). On the issue of adultery, G.S. § 50-16.3A(a) states:

> If the court finds that the dependent spouse participated in an act of illicit sexual behavior . . . during the marriage and prior to or on the date of separation, the court shall not award alimony. If the court finds that the supporting spouse participated in an act of illicit sexual behavior . . . during the marriage and prior to or on the date of separation, then the court shall order that alimony be

BRANNOCK v. BRANNOCK

[135 N.C. App. 635 (1999)]

paid to a dependent spouse. If the court finds that the dependent and the supporting spouse each participated in an act of illicit sexual behavior . . . then alimony shall be denied or awarded in the discretion of the court after consideration of all of the circumstances.

G.S. § 50-16.3A(a). The foregoing "affirmative mandate that a proven adulterous supporting spouse be ordered to make alimony payments is completely new to North Carolina law." S. Sharp, 76 N.C.L. Rev. at 2058. Also "completely new," *id.*, is the provision deferring to the trial court's discretion the decision of whether to award alimony in the instance where both the supporting and dependent spouse "each participated in an act of illicit sexual behavior." G.S. § 16.3A(a).

In the case *sub judice*, defendant, the supporting spouse, raised the absolute defense under G.S. § 50-16.6(a) (repealed), of plaintiff's postseparation adultery in his reply to Claim #1. However, plaintiff maintains this preexisting absolute defense is not available to defendant under Claim # 2 filed pursuant to G.S. § 50-16.3A. In addition, according to plaintiff, defendant may properly be subjected to liability under statutory provisions not enacted at the time Claim # 1 was filed.

The issue, therefore, is whether the "new action based on the same claim" language of Rule 41(a)(1) will permit plaintiff's prosecution of Claim # 2, filed within one year of her dismissal of Claim # 1. We conclude the trial court erroneously resolved this issue in favor of plaintiff.

The leading North Carolina case addressing retroactive statutory application, *Smith v. Mercer*, 276 N.C. 329, 172 S.E.2d 489 (1970), contains instructive language. *Smith* involved a wrongful death action instituted 3 July 1969 on behalf of an intestate killed 16 March 1968. *Id.* at 331, 172 S.E.2d at 490. Revisions to the North Carolina wrongful death statute became effective 14 April 1969 as to claims filed on or after that date, but not to pending actions. *Id.* at 332, 172 S.E.2d at 491. Prior to amendment, the statute allowed recovery for "the loss of a human life [based upon] the present value of the net pecuniary worth of the deceased based upon his life expectancy." *Id.* at 331, 172 S.E.2d at 490. However, the new statute provided for numerous additional elements of damages, including hospitalization and funeral expenses, pain and suffering of the decedent, and punitive damages. *Id.* at 332, 172 S.E.2d at 491.

Although the decedent's death occurred prior to 14 April 1969, no action based upon the death was pending on that date. *Id.* at 333, 172 S.E.2d at 491. Our Supreme Court held the new statute "created a new cause of action" for wrongful death that "did not exist on [the date decedent] . . . was killed," *id.* at 334, 172 S.E.2d at 492, because, "[a]lthough the procedural remedy [action for wrongful death] . . . [wa]s the same, the substantive rights of the parties [we]re different," *id.* at 333, 172 S.E.2d at 492.

The Court reviewed "general principles" involved in determining whether a statute should be construed to apply prospectively or retroactively:

"Ordinarily, an intention to give a statute a retroactive operation will not be inferred . . . . It is especially true that the statute or amendment will be regarded as operating prospectively only, where . . . the effect of giving it a retroactive operation would be to . . . destroy a vested right, or create a new liability in connection with a past transaction, [or] invalidate a defense which was good when the statute was passed . . . ." "A retrospective law, in a legal sense, is one which takes away or impairs vested rights acquired under existing laws, or creates a new obligation and imposes a new duty, or attaches a new disability, in respect of transactions or considerations already passed . . . ."

*Id.* at 337-38, 172 S.E.2d at 494-95 (citations omitted). *See also Minty v. Board of State Auditors*, 58 N.W.2d 106, 111 (Mich. 1953) (citation omitted) (action accruing prior to, but filed after, repeal of statute is governed by repealed statute, because "the law of the case at that time when it became complete is an inherent element in it; and, if changed or annulled, the law is annulled, justice denied, and the due course of law is violated").

Numerous subsequent cases have cited and relied upon the holding in *Smith*. In *White v. American Motors Sales Corp.*, 550 F. Supp. 1287 (W.D. Va. 1982), *aff'd*, 714 F.2d 135 (4th Cir. 1983), for example, North Carolina's "Products Liability" statute, which abolished the defense of lack of privity, was held not to apply retroactively to accidents occurring prior to its effective date, regardless of whether an action was pending on its effective date or filed thereafter. Relying on *Smith*, the *White* Court observed retrospective application would "create liability for the defendant where none existed at the time of the accident" by virtue of the elimination of an existing defense. *Id.* at 1293; *see* 73 Am. Jur. 2d *Statutes* § 350 (1974) (cases arising before

**BRANNOCK v. BRANNOCK**

[135 N.C. App. 635 (1999)]

passage of new law are not governed by new law where unexpected liability would be imposed); *see also United Roasters, Inc. v. Colgate-Palmolive* Co., 485 F. Supp. 1049, 1057 (E.D.N.C. 1980), *aff'd*, 649 F.2d 985 (4th Cir. 1981), *cert. denied*, 454 U.S. 1054, 70 L. Ed. 2d 590 (1981) ("[u]nder the general principles laid down by *Smith v. Mercer*, it is clear that 1977 amendments to [statute relied upon in plaintiff's 1976 action] constituted a substantive revision intended to expand . . . potential liability" that did not exist prior to the amendments, and thus amendments would not apply to plaintiff's claim), and *Lewis v. Pennsylvania R. Co.*, 69 A. 821, 823 (Pa. 1908) ("to impose a liability for a past occurrence where none existed at the time, or, what is the same thing, take away a legal defense available at the time" would exceed constitutional limitations; "law can be repealed by the lawgiver, but the rights which have been acquired under it, while it was in force, do not thereby cease").

Further, in *Gardner v. Gardner*, 48 N.C. App. 38, 269 S.E.2d 630 (1980), this Court relied upon *Smith* in holding that a statutory amendment not specifying whether it was applicable to pending litigation would not operate to allow striking of defendant wife's recriminatory defenses in a divorce action filed prior to the date of amendment. *Id.* at 45, 269 S.E.2d at 634. In so ruling, we noted:

> [t]he general rule of construction is that an amendment which invalidates a preexisting statutory defense will, in the absence of a clear legislative intention otherwise, be given prospective effect only.

*Id.*

Notably, we further observed that defendant wife would not have been entitled to assert recriminatory defenses had plaintiff instituted divorce proceedings following enactment of the statutory amendment, but because the divorce complaint had initially been filed prior to amendment, "reference to the entire history of litigation between the parties," *id.* at 46, 269 S.E.2d at 634, was required.

In the case *sub judice*, defendant pled an absolute defense to Claim #1 pursuant to G.S. § 50-16.6(a) (repealed), then in effect. By virtue of her failure to respond to defendant's request for admissions, plaintiff had affirmatively established the existence of a factual basis for defendant's absolute defense. Thereafter, in Claim # 2, plaintiff sought relief under G.S. § 50-16.1A *et seq.*, which abolished defendant's previously established absolute adultery defense, shifted the

focus from pre-divorce misconduct to pre-separation misconduct, and subjected defendant to automatic liability for his admitted misconduct prior to separation.

To conclude, considering the resultant "invalidat[ion]" of a statutory absolute defense defendant enjoyed as a "vested right," *Smith*, 276 N.C. at 337, 172 S.E.2d at 494; *see also Hughes Air. v. United States ex rel. Schumer*, 520 U.S. 939, 950, 138 L. Ed. 2d 135, 146 (1997) ("it is simply not the case that . . . the elimination of a prior defense . . . does not 'create a new cause of action' or 'change the substance of the extant cause of action' "), at the time plaintiff voluntarily dismissed Claim # 1, and the subjection of defendant to "new liability," *Smith*, 276 N.C. at 337, 172 S.E.2d at 494, which did not previously exist, we cannot say, particularly upon viewing the "entire history of litigation between the parties," *Gardner*, 48 N.C. App. at 46, 269 S.E.2d at 634, noted above, that Claim # 2 constituted "a new action based on the same claim," G.S. § 1A-1, Rule 41(a)(1), earlier voluntarily dismissed by plaintiff. While the "procedural remedy" of an alimony claim previously existed, "the substantive rights of the parties are different." *Smith*, 276 N.C. at 333, 172 S.E.2d at 492; *see also Lindh v. Murphy*, 521 U.S. 320, 327, 138 L. Ed. 2d 481, 489 (1997), *cert. denied*, 522 U.S. 1069, 139 L. Ed. 2d 676 (1998) (amendment to federal statute governing entitlement of state prisoners to habeas corpus relief "goes beyond 'mere' procedure to affect substantive entitlement to relief" and therefore not applicable to proceeding pending at time amendment enacted).

Therefore, based upon the foregoing, we hold Claim # 1 and Claim # 2 are neither "substantially the same" nor "involv[e] . . . the same right," *Cherokee Ins. Co.*, 97 N.C. App. at 297, 388 S.E.2d at 240, but rather are "fundamentally different," *Stanford*, 76 N.C. App. at 289, 332 S.E.2d at 733. Accordingly, plaintiff's filing of Claim # 2 pursuant to G.S. § 50-16.1A *et seq.* did not implicate for purposes of Rule 41(a)(1) the one year period within which Claim # 1 asserted under G.S. § 50-16.1 *et seq.* might have been refiled. *See* G.S. § 1A-1, Rule 41(a)(1). Rather, Claim # 2 constituted a new and distinct claim for alimony which was filed subsequent to the parties' divorce and is thereby barred. *See* G.S. § 50-11(c). The trial court's grant of summary judgment in favor of plaintiff thus must be reversed and this matter remanded for entry of summary judgment in favor of defendant. *See* N.C.G.S. § 1A-1, Rule 56(c) (1990) (when appropriate, summary judgment "may be rendered against the moving party"), and *Greenway v. Insurance Co.*, 35 N.C. App. 308, 314, 241 S.E.2d 339, 343 (1978) ("G.S.

§ 1A-1, Rule 56(c) does not require that a party move for summary judgment in order to be entitled to it").

Notwithstanding, plaintiff points to *Harwood v. Harrelson Ford, Inc.*, 78 N.C. App. 445, 337 S.E.2d 158 (1985), as requiring a contrary result. Plaintiff's reliance upon *Harwood* is misplaced.

In *Harwood*, this Court approved an award of prejudgment interest to three plaintiffs in actions originally filed 13 August 1980, voluntarily dismissed without prejudice 29 April 1982, and reinstituted 26 August 1982 pursuant to Rule 41(a)(1). *Id.* at 446, 337 S.E.2d at 159. On 5 May 1981, N.C.G.S. § 24-5 was amended so as to allow recovery of prejudgment interest upon claims such as those of the three *Harwood* plaintiffs; the provision became effective upon ratification 5 May 1981, but was not applicable to pending litigation. *Id.* at 447-48, 337 S.E.2d at 160.

In ruling in favor of the three plaintiffs, this Court emphasized that

[t]he Legislature's purpose in amending G.S. 24-5 was to provide an incentive to insurance companies to expeditiously litigate actions they are involved in.

*Id.* at 450, 337 S.E.2d at 161-62. Moreover, we continued,

when plaintiffs filed their complaint, insurance companies were aware of the legislature's expressed intent to encourage prompt resolution of lawsuits. Yet, over three years have passed since the three plaintiffs filed their lawsuit and their judgment is yet to be satisfied. We conclude that with respect to [these three] plaintiffs . . . the [trial court's award of prejudgment interest] is consistent with the legislature's intent as expressed in G.S. 24-5.

*Id.*

Therefore, even assuming *arguendo* the amendment to G.S. § 24-5 allowing recovery of prejudgment interest created a new substantive right somehow similar to that we have held to have been effected by the "wholesale revision," S. Sharp, 76 N.C.L. Rev. at 2018, of North Carolina alimony law, it is apparent the ruling in *Harwood* was instead primarily a pointed rebuke to the defendants' apparent disregard of the legislatively enunciated public policy "to cure past delays in litigation," *Harwood*, 78 N.C. App. at 450, 337 S.E.2d at 161; *see Webb v. Port Commission*, 205 N.C. 663, 677-78, 172 S.E. 377, 384

(1934) (Clarkson, J., concurring) ("purpose and spirit of an act must be considered in its construction and its obvious intent ascertained and respected"). Indeed, as noted above, we specifically cited with disapproval the delay of "over three years" in satisfaction of the three plaintiffs' judgments. *Harwood*, 78 N.C. App. at 450, 337 S.E.2d at 162.

In the foregoing context, it is interesting to particularize the chronological "history of litigation between the parties," *Gardner*, 48 N.C. App. at 46, 269 S.E.2d at 634, *sub judice*. The statutory revisions discussed herein were passed by the General Assembly 21 June 1995, ch. 319, 1995 N.C. Sess. Laws 641, effective 1 October 1995 except as to pending litigation and motions seeking to modify orders and judgments in effect on the date. *See* G.S. § 50-16.1A *et seq.* Defendant filed his divorce action 17 July 1995 and plaintiff initiated her alimony claim under G.S. § 50-16.1 *et seq.* (repealed) on 14 August 1995, almost two months following passage of the new law and but six weeks prior to the effective date thereof. The parties were divorced 11 April 1996. However, it was not until almost one year later and nearly two years following passage of the new law that plaintiff voluntarily dismissed her alimony claim under the repealed statute on 21 March 1997 and filed her action based upon the new statute approximately two weeks later on 2 April 1997. The thrust of the holding in *Harwood* thus runs counter to plaintiff's situation herein.

Based upon the foregoing, the trial court's grant of summary judgment in favor of plaintiff is reversed and this case remanded for entry of summary judgment in favor of defendant.

Reversed and remanded with instructions.

Judges TIMMONS-GOODSON and HUNTER concur.